THE STATE EX REL. LONG and another vs. KEYES, Judge, etc.

*November 12 — December 3, 1889.*

*Examination to ascertain whether offense has been committed, and by whom: Jurisdiction: Contempt: Writ of prohibition.*

1. Under sec. 4776, R. S., the magistrate to whom complaint is made that a criminal offense has been committed, may cause witnesses other than the complainant to be subpœnaed and may examine them on oath to ascertain whether any such offense has been committed and, if so, by whom; and a witness so subpœnaed who shall refuse to be sworn or to testify may be punished as for contempt.

2. The extent to which such magistrate will proceed in such examination is a matter within his discretion. Sec. 4744, R. S., does not apply thereto.

3. In conducting such examination the magistrate exercises judicial powers.

PROHIBITION to the Judge of the Municipal Court of *Dane* County.

The facts will sufficiently appear from the opinion.

*Wm. F. Vilas*, of counsel, for the relators.

*S. U. Pinney*, for the respondent.

ORTON, J. The respondent to the writ of prohibition herein appeared and, by a rule to show cause, moved this court to quash said writ for the reason that the writ and papers thereto annexed show no cause whatever for requiring the said respondent to desist or refrain from further proceedings in the action or matter therein specified. The relation on which the writ was issued is in substance as follows:

On the 21st day of October, 1889, John E. Adamson, the chief of police of the city of Madison, made complaint on oath, in writing, to the municipal court of Dane county and the respondent as the judge thereof and acting as a justice of the peace in said city, that Alonzo F. Kellogg,

George H. Paul, Charles H. Maxon, and divers other persons, whose names were unknown to the complainant, on the 10th day of October, 1889, at the city of Madison, in said county, did unlawfully, wantonly, and riotously assemble in a violent and tumultuous manner, and gathered together to disturb the peace, and, on being so as aforesaid congregated, in and upon one Riley did then and there wantonly and riotously, in a violent and tumultuous manner, make an assault, and did then and there unlawfully, wantonly, and riotously, in a violent and tumultuous manner, beat, bruise, and wound and ill-treat the said Riley, to the terror and disturbance of, and thereby then and there greatly terrifying, alarming, and disturbing, many and all the good and peaceable people there and for a great distance around inhabiting, passing, and being, against the peace and contrary to the statute in such case made and provided, as deponent verily believes; and prays that said Alonzo F. Kellogg, George H. Paul, and Charles H. Maxon may be arrested and dealt with according to law. On the same day the respondent, as the judge of said court, caused one Allen Riley (the person injured) and several other witnesses to be subpœnaed to appear before said court, to be examined touching said offense, and on the next day he caused other witnesses to be subpœnaed for such purpose. On the same day the said respondent, as such judge, examined several of said witnesses, and thereby obtained evidence that said offense had been committed, but was unable to obtain evidence as to what persons committed the same. The examination was continued from day to day, until the 4th day of November following, and in the meantime other witnesses had been subpœnaed and examined. On the 30th day of October, during said examination, *Robert M. Long*, one of the relators hereof, and who had been subpœnaed and was in attendance as a witness, was called upon by the respondent, as such judge, to be sworn and to testify as to

his knowledge of said offense and the persons who committed the same. Thereupon the said *Long* refused to be so sworn for several reasons not material to this case, any further than the main reason that the said judge had no power or jurisdiction to proceed with such examination in order to ascertain who were the persons guilty of said offense. On said 4th day of November said judge delivered his opinion in writing, maintaining and insisting that he had the power and jurisdiction to proceed with said examination for such purpose, and to compel the attendance of witnesses, and require them to be sworn and examined as such, and that any witness who should refuse to be so sworn and examined would be guilty of a contempt of court and be dealt with accordingly. The examination was then adjourned until the 6th day of November, 1889, and in the mean time this proceeding was instituted to restrain the said judge from any further proceedings in said action or matter until the further order of this court.

From the relation, and the arguments of counsel on this motion to quash the proceedings, it is apparent that but one question is submitted to the court, and that is, Had the respondent, as the judge of the municipal court of the county of Dane, the power and jurisdiction to proceed to cause to be subpœnaed and to examine on oath other witnesses beside the complainant Adamson, for the purpose of ascertaining that said offense had been committed and who or what persons committed the same, and has he the power to still so proceed? Or, perhaps, it may have been intended by the distinguished counsel of the state to admit possibly that said judge had the power to examine the witnesses who voluntarily appeared with said complainant at the time he made the complaint, or who were then present. The question depends upon the meaning and construction of but a single section of the Revised Statutes,— sec. 4776, R. S., which reads as follows: "Upon complaint made to any

such magistrate that a criminal offense has been committed, he shall examine, on oath, the complainant and any witnesses produced by him, and shall reduce the complaint to writing, and shall cause the same to be subscribed by the complainant; and if it shall appear that any such offense has been committed, the magistrate shall issue a warrant, reciting the substance of the accusation, and requiring the officer to whom it shall be directed forthwith to take the person accused and bring him before the said magistrate, or before some other magistrate of the county, to be dealt with according to law," etc.

Connected with the main question is the contention of the learned counsel of the state that said judge had no authority to issue subpœnas for other witnesses on such examination, and require their attendance. Sec. 4053, R. S., provides that subpœnas may be issued by any justice of the peace, municipal judge, or police justice, and require the attendance of witnesses within the territory in which such officer has jurisdiction, in any action, *matter*, or *proceeding* pending or *to be examined into* before any court, magistrate, or officer, etc. Sec. 4763, R. S., in the chapter on proceedings in justices' courts, in which the above section is copied, provides that, " in case any person summoned to appear before any court held by a justice of the peace, pursuant to the provisions of this chapter, as a juror or witness, shall fail to appear, or if any witness appearing shall refuse to be sworn or to testify, he shall be liable to the same penalties, and may be proceeded against in the same manner, as provided by law in respect to jurors and witnesses in justices' courts in civil proceedings."

It is also contended that the examination shall be immediate and summary, and shall be within *one day*, unless continued for cause, and sec. 4744, R. S., is cited as so requiring. But that section relates to proceedings before the justice on the return of the warrant with the accused. The justice

shall then proceed to hear, try, and determine the cause within one day, etc. It does not relate to the examination of the complainant and the witnesses produced by him upon this preliminary inquiry. In that there is no limit of time or of the number of witnesses. These are left by the statute within the reasonable discretion of the justice.

As to the power and jurisdiction of the judge of said municipal court to act under the above section, sec. 2517, R. S., provides that he shall have all the powers and jurisdiction of a justice of the peace in said county in criminal actions and proceedings; and sec. 2515, R. S., vests in him exclusive jurisdiction in all criminal cases within the city of Madison.

The learned counsel of the state is clearly right in his contention that the powers and duties of said judge in the matter of said examination are exclusively statutory, and that the statute must be pursued with the utmost strictness. It would not seem difficult to understand this section of the statute, which was made for the special direction of the magistrate in the arrest and examination of offenders. It has been in force in Wisconsin since the Revised Statutes of the territory of 1839,— one half century,— and this is the first time, so far as I know, that there has been any question about its construction, or any difficulty in understanding it and acting under it, and during that long time the practice under it has been substantially uniform. The history of this section is important only to aid in ascertaining the defect of the former law and practice upon that subject, to be cured, and which suggested its enactment, and to make the decisions of the state or states from which Wisconsin derived it authority as to its proper construction. It was enacted first, substantially as it is now, by the state of New York in 1828, and most probably the state of Massachusetts borrowed it from New York in 1836. It is not important from which of those states Wisconsin derived

it, but most likely the eminent and learned Chief Justice WHITON, who came to Wisconsin from the latter state, and who had the most to do in revising the Criminal Code, as a member of the house of representatives of that year, copied this section from the Revised Statutes of that state.

Before seeking other light on the subject, the language employed in framing this section must first be consulted, and its ordinary meaning must govern its construction, unless doubtful or ambiguous. (1) Other witnesses than the complainant may be examined on oath. (2) Such witnesses must be *produced* by the complainant. He cannot "produce" them in any other way than to suggest their names to the magistrate. If they come voluntarily with the complainant, he cannot be said to produce them in any other way than to make them known to the justice as witnesses who know something about the case. They are produced as parties produce their witnesses in court. They may come voluntarily or on subpœna, and on attachment if necessary. When shall he produce them? The statute is silent as to the time, as it is as to the number of the witnesses. The exigency of other business before the justice might require an adjournment, after examining the complainant. This inquiry is about the power or authority of the justice, and not its practical execution. The complainant produces or suggests or names a great many witnesses at the time, or at another time, and at different times during the progress of the examination. They are witnesses, and therefore may be subpœnaed. The main purpose is to obtain the facts in relation to the offense from the complainant and other witnesses, and the justice has the power to have or bring such other witnesses before him to be examined as to their knowledge of the facts. Having this power, the manner or time of executing it, or the practice under it, is not material to this inquiry. These and many other subordinate matters are necessarily left to the discretion of the justice.

He must proceed in some way until the facts of the offense are made known to him by witnesses under oath. He has to judge of these facts. He adjudicates upon them. "*If it shall appear* that any offense has been committed, the magistrate shall issue his warrant," etc. It must *appear* from *the facts.* He must pursue the examination until such facts make it appear. He has no power to issue a warrant until it does so appear. The facts disclosed must make a *prima facie* case of crime against some one. The section further provides: "And in the same warrant may require the officer to summon such witnesses as shall be therein named." How can the magistrate know what witnesses to name in the warrant to be summoned "to appear and give evidence on the examination," unless he has obtained such knowledge by their previous examination? This duty is unlimited. He must name in the warrant all such witnesses as can give evidence on the examination, many or few, and he must have found out who such witnesses are from their previous examination before him.

So far we have considered the language of the section. It seems that the magistrate has the power to have before him in some way all the witnesses required to make it appear that the offense has been committed. If, as in this case, the complainant does not assume to know the facts except on information, he produces or suggests the names of such witnesses as do know the facts, and the magistrate has them brought before him for examination. Other witnesses are absolutely necessary in such a case. If the offense is an unlawful assembly and riot, the offenders are necessarily more numerous and more difficult to discover, and a greater number of witnesses may be required, and a longer time for their examination. The statute adapts itself to every case of crime. When this statute was first enacted the common-law practice was for the magistrate to issue the warrant on a complaint of *mere suspicion*, and

he was protected in doing so. This was found to be a very unsafe practice. Many arrests were made on groundless suspicion, when the accused were innocent of the crime and there was no testimony whatever against them. The law delights as much in the protection of the innocent as in the punishment of the guilty. This statute was made to protect citizens from arrest and imprisonment on frivolous and groundless suspicion. Davis, Crim. Just. 2–12. Mr. Benedict, in his valuable work on Civil and Criminal Justice, 804, says: "Our statute is framed so as to exclude in a great measure the abuses to which such a practice might lead, and undoubtedly was designed to throw the duty of judging, in this respect, entirely upon the magistrate. It should not regard mere allegations of suspicion, but the grounds of the suspicion — the facts and circumstances — must be laid before him, and these should be sufficient to make it appear that a crime has been actually committed, and that there is probable cause for charging the individual complained of therewith." This author advises that the testimony of the witnesses as well as of the complainant should be taken down in writing, although the statute does not require it, for the protection of both the justice and the witnesses. McCall, Just. 538, gives the form of the oath to be administered to the witnesses in such a case, and says "that it is upon the complaint, and the testimony adduced in its support, that the warrant is predicated;" and on page 555 he says that "it may appear after the complaint is made and the witnesses are examined," etc. The witnesses in all the works are called the "complainant's witnesses," and this is the meaning of the statute.

In 2 Barb. Crim. Law, 520–522, the same duty of examining other witnesses and of obtaining the real facts before issuing the warrant, is impressed upon the justice; and the author cites, approvingly, *People v. Hicks*, 15 Barb. 153.

In that case it was a material question whether the magistrate in such a case had power to examine other witnesses beside the complainant and such as voluntarily came before him, and Judge EDWARDS says, in his opinion: "When the statute says that the magistrate shall examine any witnesses who may be produced by the complainant, it means any witnesses who may be produced either voluntarily or by means of such process as the law allows to compel the attendance of witnesses. Every party to a suit *produces* the witnesses on his behalf at the trial. But in doing so he is not confined to such witnesses as voluntarily appear. If necessary, he resorts to compulsion." The following language of Mr. Chitty, in respect to an English statute of similar language, is cited approvingly, as analogous to our own: "The magistrate having, by this statute, authority to examine the party bringing the offender, which expression is construed to include as well the accuser as all witnesses in support of the charge, as incident to his authority has the power to bring before him all persons who appear upon the oath of the informer, or who may occur to the magistrate himself, to be material witnesses for the prosecution, and for this purpose may issue his warrant to a constable, requiring him to cause the witness to appear before the magistrate and give evidence." [1 Chit. Crim. Law, 76.] Judge ROOSEVELT, in the same case, repels the idea that such examination of witnesses is *inquisitorial*, and says that every party and every witness in criminal proceedings might on the same ground claim exemption.

In *Turner v. People*, 33 Mich. 363, it is said: "Upon the fact of a complaint, the magistrate is moved to act. Then he must examine on oath the complainant and witnesses produced, to ascertain the truth, to develop particulars, and find out whether there is proper cause, and, if so, of what nature, for the issuance of a warrant;" and *People v. Hicks*, *supra* (15 Barb. 153), is cited approvingly. In *Yaner v.*

*People*, 34 Mich. 286, it is held that "the magistrate must examine the complainant on oath and any witnesses who may be produced." In *People v. Lynch*, 29 Mich. 279, the statute is referred to, and *People v. Hicks, supra*, cited as to the duty of the magistrate in examining the complainant and any witnesses who may be produced. In *People ex rel. Kingsley v. Pratt*, 22 Hun, 300, it is held that a magistrate has no jurisdiction to cause a person to be arrested on a complaint sworn to on information and belief alone, without further testimony. In *Blodgett v. Race*, 18 Hun, 132, it is held that a complaint, alone stating that the complainant has probable cause to suspect and does suspect that a certain person stole the goods, will not justify the magistrate in issuing a warrant for his arrest. It is held that "a complaint in writing, charging a criminal offense, although on information and belief only as to the person suspected of having committed it, is sufficient to authorize an investigation before a magistrate by the examination of witnesses. The magistrate on such complaint may issue subpœnas for witnesses, and has jurisdiction of the subject matter of the offense charged to have been committed, and may compel the attendance of witnesses by attachment in case of disobedience of the subpœna; but before a warrant can lawfully issue for the arrest of the offender the magistrate must have some evidence of his guilt." *People v. Hicks, supra,* is here also cited approvingly.

These authorities would seem to be sufficient. They are from states having the same statute, and they are so reasonable, and accord so well with the plain and obvious meaning of the language used, that they commend themselves to our approval. *State v. Davie*, 62 Wis. 305, does not conflict with the above authorities. In that case there was nothing considered except the mere formal complaint. It is said that the law does not require the complaint to be sworn to, and it is held that the examination of the com-

plainant and the witnesses produced by him precedes the making of the formal complaint, and that it is presumed that, on that examination, the justice was informed of such facts as showed that the accused was guilty of the offense. There is certainly nothing in that case that even intimates that the justice had not the power to examine other witnesses besides the complainant. It makes the proper distinction between the examination and the formal complaint.

The conclusion, therefore, is that the respondent, as judge of said court, acted in said matter strictly within his powers and jurisdiction and according to the statute, and has yet the power and jurisdiction to continue said examination until it shall appear that the accused, and any other person or persons, are probably guilty of said offense. The presumption is that the complainant has produced such witnesses as have been already examined, and will continue to produce such witnesses as he may have been informed have some knowledge of the facts pertinent to said inquiry. The extent to which he may proceed in said examination must be determined by himself, in the exercise of a reasonable discretion, being responsible for an abuse thereof. The matter being within his jurisdiction, this court has no right to say that he has continued or will continue the examination too long, or advise him in respect thereto. It may more explicitly be said of the relator, *R. M. Long*, and the attitude he occupies towards said judge, as a witness refusing to be sworn, that we find his position in that respect wrong and indefensible.

The learned counsel of the state contends that the powers and duties of the magistrate, in conducting such examination and inquiry, are ministerial, administrative, and directory. If that be so, then they cannot be made subject to a writ of prohibition. The writ lies only to restrain the exercise of *judicial* functions outside or beyond his juris-

diction in the matter. *Alderton v. Archer*, L. R. 14 Q. B. Div. 1; *Hudson v. Judge of Superior Court*, 42 Mich. 239; *Smith v. Whitney*, 116 U. S. 167; *Ex parte Braudlacht*, 2 Hill, 367; *In re Godson*, 16 Ont. 275. The above cases are also authority for holding that this is a proper case for the writ, on the complaint that said judge was proceeding with said examination beyond his jurisdiction and in the exercise of judicial powers. See, also, *State ex rel. Luley v. Simons*, 32 Minn. 540.

I have extended this opinion too long, in view of the fact that the question involving the proper construction of said statute is not difficult, but the question is certainly a very important one, and has been presented by eminent counsel, whose argument against such construction of the statute as would allow or justify the proceedings of said judge was very able. If an examining magistrate, who under our statute has no right to issue a criminal warrant on a complaint based on mere suspicion, and cannot do so without such facts as will make it appear that the offense has been committed, has no right to examine any other witnesses than the complainant and such as may have voluntarily appeared before him at the time with the complainant, then he has no jurisdiction competent or efficient for the arrest and examination of offenders.

We cannot assume that the said judge will proceed longer in such examination or make it more expensive than necessary. All courts are liable to the same imputation in respect to any proceedings therein, but in similar respects they must be allowed to act according to their discretion and sense of propriety. Because the said judge has not proceeded in said examination outside or beyond his powers and jurisdiction, and has not threatened to do so, the motion to quash the writ is sustained.

*By the Court.*— Ordered accordingly.