### UNITED STATES v. BEAVERS.

(District Court, S. D. New York. October 24, 1903.)

1. UNITED STATES COMMISSIONERS—POWERS AS MAGISTRATES—ISSUANCE OF SUB-POENAS.

Under Rev. St. § 1014 [U. S. Comp. St. 1901, p. 716], which authorizes United States commissioners to act as examining and committing magistrates in criminal cases in any state "agreeably to the usual mode of process against offenders in such state," a commissioner in New York, sitting as a magistrate, has power to issue subpœnas for witnesses, crim-

inal magistrates of the state being given such power by statute; but under Code Cr. Proc. N. Y. § 618, which in effect provides that no person shall be obliged to attend as a witness out of the county of his residence upon a subpoena issued by a magistrate, unless on an order indorsed thereon by a court or judge on a showing made, a commissioner has no power to compel the attendance of a witness by a subpoena issued by him at the instance of a defendant, and served outside of the county where the hearing takes place, unless an order therefor is obtained from a federal court or judge in conformity to the state practice.

2. SAME—PUNISHMENT OF WITNESS FOR CONTEMPT.

By the weight of federal authority, a United States commissioner is held to be an officer of the court which appointed him, and without power to punish for contempt in proceedings before him, such power being in the court.

On Motion to Punish for Contempt.

Morgan & Seabury, for the motion.

Thomas Ives Chatfield, opposed.

HOLT, District Judge. These are motions to punish William J. Youngs, the United States district attorney for the Eastern District of New York, and Miss Amy Wren, a stenographer in his office, for contempt for failure to obey subpoenas.

The defendant, George W. Beavers, was indicted by the federal grand jury in the Eastern District of New York, and a warrant issued there for his arrest, but he was not found in that district. Thereupon an application for his arrest and removal was made before Samuel M. Hitchcock, Esq., a United States commissioner for the Southern District of New York, and the commissioner issued a warrant to the marshal for the Southern district of New York, under which the defendant was arrested and brought before the commissioner. He demanded an examination, and in the course of the examination applied to the commissioner to issue, and the commissioner thereupon did issue, two subpoenas to each of the persons William J. Youngs and Miss Amy Wren. One of these subpoenas was a general subpoena to appear and testify; the other was a subpoena duces tecum, requiring the person subpoenaed to produce certain contracts and documents, which apparently constituted evidence relating to the charge on which the indictment was based. These subpoenas were signed and sealed by the commissioner, and countersigned by the defendant's attorneys, but they were not issued or countersigned by a judge or by the clerk of this court. They were served upon Mr. Youngs and Miss Wren in Brooklyn, in the Eastern District of New York, and have not been served in the Southern District. They did not obey the subpoenas, and this motion is made to punish them for contempt in neglecting to obey them.

United States commissioners were originally authorized to be appointed by the United States Circuit Courts for the purpose of taking oaths and acknowledgments. Their powers were subsequently increased by various statutes and rules of court. By section 1014 of the Revised Statutes [U. S. Comp. St. 1901, p. 716], they are authorized to act as examining and committing magistrates in criminal cases in any state "agreeably to the usual mode of process against offenders in such state." There is no United States statute expressly author-

izing a United States commissioner, when sitting as a criminal magistrate, to issue subpœnas for witnesses; but it has always been the universal practice for commissioners to issue subpœnas, and the United States Statutes impliedly recognize that witnesses are to be subpœnaed before commissioners by regulating the fees of witnesses to be taxed against the United States in any criminal case before a commissioner (Rev. St. U. S. § 981 [U. S. Comp. St. 1901, p. 705]), and by authorizing the commissioner to take the recognizances of the witnesses before him for their appearance to testify in the case (Rev. St. U. S. § 1014). The power of a commissioner, when sitting as a criminal magistrate, to issue subpœnas, has sometimes been thought to be a power inherent in his office, independent of statute; for although he is not strictly a court of the United States (Todd v. United States, 158 U. S. 278, 15 Sup. Ct. 889, 39 L. Ed. 982) he discharges judicial functions of grave importance, and in doing so has no divided responsibility with any other officer of the government, and is not subject to any other's control (United States v. Schumann, 2 Abb. U. S. 523, Fed. Cas. No. 16,235; Ex parte Kane, 3 Blatchf. 1, Fed. Cas. No. 7,597; United States v. Jones, 134 U. S. 483, 10 Sup. Ct. 615, 33 L. Ed. 1007; United States v. Ewing, 140 U. S. 142, 11 Sup. Ct. 743, 35 L. Ed. 388). I think, however, that the true basis of his power to issue subpœnas is contained in the provision of section 1014 that the proceedings shall be agreeably to the usual mode of process against offenders in the state in which the arrest is made. The adoption by Congress of state laws regulating procedure and practice in the United States courts is not unusual; as, for instance, in the well-known sections providing that the practice at common law in United States courts shall be governed by the state law regulating practice at common law in the state courts (Rev. St. U. S. § 721 [U. S. Comp. St. 1901, p. 581]), and that any offense committed in a place under the jurisdiction of the United States, which is not expressly prohibited by a United States statute, may be prosecuted and receive the same punishment as the laws of the state provide for such offense when committed within the jurisdiction of the state (Rev. St. U. S. § 5391 [U. S. Comp. St. 1901, p. 3651]). As a criminal magistrate in this state has the power to issue subpœnas (Code Cr. Proc. N. Y. §§ 607, 608), a United States commissioner, having power to act as a committing magistrate "agreeably to the usual mode of process against offenders in such state," has, it seems to me, by the express provision of section 1014, authority to issue subpœnas.

As there is no United States statute specifically authorizing a United States commissioner to issue subpœnas, so there is no United States statute specifically authorizing a commissioner or any court to punish any person for disobeying a subpœna issued by a commissioner. Of course, however, unless such authority rests somewhere, the power of a United States commissioner to hold a judicial investigation is practically at the mercy of the witnesses summoned. It would seem at first view that if the commissioner has power to issue a subpœna he has power to punish for contempt a person who disobeys it. The general rule is that any court or person having au-

thority to discharge judicial functions has inherent power to punish persons guilty of contempt, unless such power is specifically lodged elsewhere. Such a power is a necessary incident of the authority, and essential to the proper discharge of it. Moreover, the provision in the statute which has been already referred to, that a United States commissioner sitting as a criminal magistrate shall proceed agreeably to the usual mode of process against offenders in such state, would seem to authorize a commissioner sitting in this state to punish a person guilty of contempt, inasmuch as a criminal magistrate in this state has such power. Code Cr. Proc. N. Y. § 619. But I think that the weight of authority is to the effect that a commissioner has no power to punish for contempt, but that such power exists in the court which appoints the commissioner. Ex parte Perkins (C. C.) 29 Fed. 900; In re Perkins (D. C.) 100 Fed. 950. The doctrine of these cases appears to be that a United States commissioner is an officer of the court which appoints him, so far as the power to punish for contempt is concerned, and that any person guilty of a contempt in proceedings before a commissioner is guilty of a contempt of the court. No authority has been called to my attention in which the action of a commissioner in punishing a witness for contempt has been upheld, and I think that I am bound to follow the authority of the cases cited, and to hold that this court has the power and the duty to punish persons who are guilty of contempt in refusing to obey subpœnas issued by one of the United States commissioners appointed by this court.

The question, therefore, which remains is, were Mr. Youngs and Miss Wren guilty of contempt in not obeying these subpœnas which were served upon them. One of the grounds upon which they declined to obey the subpœnas was that a commissioner's subpœna cannot be served outside the district for which he was appointed. Upon this question again there is no United States statute prescribing the limit within which a commissioner's subpœna may be served. It is argued that there can be no presumption that the jurisdiction of the commissioner extends in any respect outside of his district, and that, therefore, no jurisdiction was obtained by the service of the subpœnas in the Eastern District. I think, however, that the same provision, which already has been quoted several times, that the proceedings should be agreeably to the usual mode of process against offenders in the state, applies. This makes it necessary to see what jurisdiction a criminal magistrate in this state has to issue subpœnas. A criminal magistrate in this state is authorized to "issue subpœnas, subscribed by him, for witnesses within the state, either on behalf of the people or of the defendant." Code Cr. Proc. N. Y. § 608. In respect, however, to the service of a subpœna out of the county where the magistrate sits, the Code of Criminal Procedure contains the following provisions, in section 618:

"A person served with a subpœna, issued by any officer of any court of record of this state, a district attorney or a county clerk, must attend in obedience to the subpœna, at the time and place and before the court therein named, within any county of this state. No person is obliged to attend as a witness upon a subpœna, issued by any person or court other than a judge of a court of record, a court of record, a district attorney, or a county clerk,

out of the county where the witness resides or is served with the subpœna, unless the county judge of the county where such subpœna is returnable, a justice of the Supreme Court, or a court of record, upon an affidavit of the prosecutor or district attorney, or of the defendant or his counsel, stating that he believes that the evidence of the witness is material, and his attendance at the trial or examination necessary, shall indorse on the subpœna an order for the attendance of the witness."

In my opinion, this section regulates the power of a United States commissioner to issue subpœnas in criminal cases. The effect of it, if my view is correct, is that the United States district attorney may issue a subpœna in a criminal case pending before a United States commissioner, which may be served anywhere in the state; but that if a subpœna is issued by a commissioner on the application of a defendant, and it is served outside the county where the hearing takes place, the person served is not obliged to attend, unless this court shall indorse on the subpœna or make an order for the attendance of the witness, upon such an affidavit as is provided in section 618. I think that Congress intended to make, and did make, the practice before a United States commissioner substantially similar to the practice before a state criminal magistrate, and that as the state has guarded against the possible abuse of summoning witnesses a long distance from their homes by irresponsible defendants, by providing that that shall not be done without the previous authority of the court, the same practice should be followed in a proceeding before the United States commissioner. The subpœnas in this case were not ordered or authorized by this court, and I think, therefore, that Mr. Youngs and Miss Wren were not obliged to attend as witnesses under such subpœnas.

This conclusion makes it unnecessary to discuss the other questions argued. If the view is not correct that the jurisdiction of a United States commissioner is to be determined by the statutes of the state fixing the jurisdiction of state criminal magistrates, the result, it seems to me, must be the same. The alternative must be either that a United States commissioner has no jurisdiction outside of his own district, or that there is no power anywhere to punish for a disobedience of a subpœna issued by a commissioner. The whole subject is obscure and difficult under the statutes and decisions, and should be regulated by a simple statute. But it seems to me that, in any point of view, this motion must be denied.