UNITED STATES v. STERN.

(District Court, E. D. Pennsylvania. March 7, 1910.)

No. 9.

1. WITNESSES (§ 6*)—PLACE WHERE ATTENDANCE MAY BE REQUIRED—FEDERAL COURTS.

Except by act of Congress, neither the District Court nor one of its commissioners has power to summon a witness at his residence in another district, whether his presence be desired before the court itself or before the commissioner.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 9; Dec. Dig. § 6.*]

2. WITNESSES (§ 6*)—SUBPŒNAS—CRIMINAL CASES—PLACE OF ATTENDANCE.

Rev. St. § 876 (U. S. Comp. St. 1901, p. 667), provides that subpœnas for witnesses required to attend a court of the United States in any district may run into another district, provided that in civil cases the witnesses living out of the district in which the court is held do not live more than 100 miles from the place of holding the same. *Held* not to authorize either a District Judge or a United States commissioner to summon a wit-

ness in a criminal case beyond the state to appear at a preliminary hearing before the commissioner, such hearing not being one of the stages of the case before the court; nor is such authority conferred by Act Pa. 1722 (1 Smith's Laws, p. 138, § 8; Pepper & Lewis' Dig. p. 2574, par. 86), regulating the service of subpœnas in state court proceedings.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 9; Dec. Dig. § 6.*]

3. WITNESSES (§ 10*)—SUBPŒNAS—ISSUANCE—VALIDITY.

A subpœna issued by a United States commissioner, but not in his official capacity, is invalid.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 11; Dec. Dig. § 10.*]

Hearing before a United States commissioner in a criminal proceeding. On motion of Joseph Stern to set aside service of a subpœna. Granted.

John C. Swartley and J. Whitaker Thompson, for the United States.

Samuel J. Gottesfeld, for witness.

J. B. McPHERSON, District Judge. The general rule is that the power of a District Court of the United States may be exercised only within a defined territorial area. Its process may not be validly executed in another district. Toland v. Sprague, 12 Pet. 328, 9 L. Ed. 1093. And what is true of the court is true also of its subordinate officers, the United States commissioners, while they are exercising their authority as committing magistrates in criminal cases. Except by virtue of an act of Congress, neither the District Court nor one of its commissioners has the power to summon a witness at his residence in another district, whether his presence be desired before the court itself or before the commissioner. But legislation exists upon this subject enlarging the power of both tribunals. So far as the court is concerned, section 876, Rev. St. (U. S. Comp. St. 1901, p. 667), provides as follows:

"Subpœnas for witnesses who are required to attend a court of the United States in any district may run into another district; provided, that in civil cases the witnesses living out of the district in which the court is held do not live at a greater distance than one hundred miles from the place of holding the same."

The District Court, therefore, may issue a subpœna that must be obeyed, no matter in what district of the United States it may be served; but such a subpœna is only authorized, first, when the witness is required to attend upon the court itself, and, second, in such cases only as are not "civil cases." In a criminal case—with which alone we are now concerned—a subpœna from the District Court that will run throughout the United States is lawful, when the witness is required to appear at some stage of the case before the court itself. But a preliminary hearing is not one of these stages. It does not take place before "a court of the United States," as the Supreme Court has expressly decided (Todd v. U. S., 158 U. S. 278, 15 Sup. Ct. 889, 39 L. Ed. 982); and it seems to follow, therefore, that a District

Court has not yet been authorized by Congress to issue a subpœna that will run throughout the United States and compel a witness to appear at such a hearing before a commissioner.

The subpœna under consideration was not issued by the commissioner in his official character. In that event its invalidity could not have been doubted, and the witness now complaining would have been clearly justified in disobeying it; for it shows upon its face that the commissioner was conducting the preliminary hearing of a criminal case in the city of Philadelphia, while the witness was summoned in the city of Lawrence, in the state and district of Massachusetts. But in my opinion the process is equally invalid, although it was not issued by the commissioner in his official character. He is also clerk of the District Court, and he issued what is known as a "court subpœna," namely, a process that purports to go out under the authority of the judge of the District Court, attested under the hand of the clerk, with the seal of the court affixed. It is in the proper form of a valid subpœna from the court, except that it directs the witness to attend, not before the court, but before the commissioner, at a hearing to take place on a specified date. This exception, however, raises the vital question in the case, in connection with the place of service; and, as I have already said, the process could not be lawfully executed in the city of Lawrence. I understand the government to concede in effect that no statute or decided case can be found to support the service. United States commissioners are now appointed under the act of 1896, as amended in 1901 (1 U. S. Comp. St. 1901, p. 499), and many of their powers and duties are summarized by the Supreme Court in United States v. Allred, 155 U. S. 591, 15 Sup. Ct. 231, 39 L. Ed. 273. The most direct reference to their powers upon a preliminary hearing in a criminal case is contained in section 1014, Rev. St. (U. S. Comp. St. 1901, p. 716); and it is this section that may indirectly empower them to summon a witness outside their respective districts, but within their respective states. The statute provides that for crimes or offenses against the United States the offender may be arrested and imprisoned or bailed by any commissioner of the United States, or by certain officials of any state where he may be found, "agreeably to the usual mode of process against offenders in such state." In United States v. Beavers (D. C.) 125 Fed. 778, Judge Holt decided that under this provision a commissioner sitting in New York as a committing magistrate had the same power to issue a subpœna for witnesses as was given by the state to its own magistrates; but he also held that the subpœna could only be served where and as the New York statutes authorized, and need not be obeyed if the service did not accord with these requirements. In Pennsylvania the only legislation upon this subject that has been brought to my attention is the act of 1722 (1 Smith's Laws, p. 138, § 8; Pepper & Lewis' Dig. Laws, p. 2574):

"It shall and may be lawful to and for the said justices and every of them, to issue forth subpœnas, and other warrants, under their respective hands and seal of the county, into any county or place of this province, for summoning and bringing any person or persons to give evidence in and upon any matter or cause whatsoever, now or hereafter examinable, or in any way triable, by

or before them, or any of them, under such pains and penalties as subpœnas, or warrants of that kind, usually are or ought to be granted or awarded."

Assuming this statute to apply, it evidently does no more—and, indeed, it could do no more—than authorize the issuing of a subpœna to run throughout the state, and furnishes no warrant for a process to be executed beyond the boundaries of the commonwealth. It is unnecessary to inquire further into "the usual mode of process" before the committing magistrates of the state; for it is certain that no attempt is ever made to serve their subpœnas outside of Pennsylvania at the farthest. ,

No doubt it may sometimes be inconvenient to stop at a state line when a witness is needed; but this restriction at least seems clearly to exist, and it must be recognized. Personally, I think it might be well if Congress should permit a subpœna to be served in case of a preliminary hearing within say 100 miles, even if a state line should intervene, leaving the local practice to govern within the state. The subject, however, is not judicial, but wholly a matter for legislative consideration.

The service of the subpœna is set aside.