## In re PACIFIC TELEPHONE &. TELEGRAPH CO. et al.
### No. 21507.
District Court, N. D. California, S. D.
March 4, 1930.

834

George J. Hatfield, U. S. Atty., and I. M. Peckham, Asst. U. S. Atty., both of San Francisco, Cal.

Pillsbury, Madison & Sutro, of San Francisco, Cal., for respondents.

KERRIGAN, District Judge.

An order to show cause has issued, directed to the respondent E. T. O'Donnell to show cause why he should not be ordered to produce certain books and records of the Pacific Telephone & Telegraph Company, and be sworn and testify on an application for a search warrant made by the United States attorney to one of the United States commissioners for this district, and why he should not be held in contempt for disobedience of a subpœna issued by the commissioner.

The commissioner's certificate, upon which the order to show cause is based, states that application for a search warrant was made to him, supported by the affidavits of three persons. These affidavits were not made part of the record herein, to avoid a possible public disclosure of the facts therein stated. Copies have, however, been furnished to the court. It is sufficient for the purposes of this proceeding to state that these affidavits charge the commission of a felony, conspiracy to violate the National Prohibition Act (27 US

CA). They recite facts tending to show that certain persons were selling liquor for which they took telephone orders. The telephone numbers are given. The location of the telephones is not stated. The premises sought to be searched are those where these telephones are installed. It appears that these telephones· are not listed in the general telephone directory, and that respondent refused on inquiry from one of affiants to state the names and addresses of the subscribers. The commissioner issued a subpœna directed to respondent, requiring him to appear and bring with him the original applications for the telephones bearing the stated numbers, and the records showing the names of the subscribers and location of the telephones, and to testify thereto. At the time and place designated, counsel appeared on behalf of respondent, and stated his refusal to obey the subpœna.

The Espionage Act of 1917 provides, in sections 1 and 4 (40 Stats. at L. 228, 18 US CA §§ 611, 614), as follows:

"Section 611. A search warrant authorized by this chapter may be issued by a judge of a United States district court, or by a judge of a State or Territorial court of record, or by a United States commissioner for the district wherein the property sought is located."

"§ 614. The judge or commissioner must, before issuing the warrant, examine on oath the complainant and any witness he may produce, and require their affidavits or take their depositions in writing and cause them to be subscribed by the parties making them."

If a United States commissioner has power to issue a subpœna for a witness whose testimony is desired to establish probable cause for the issuance of a search warrant, that power must be found implicit in the section above quoted, with reference to the examination on oath of "the complainant and any witness he may produce." There is no statute expressly conferring power to issue a subpœna upon an United States commissioner.

■ In proceedings following an arrest and the filing of a complaint, the power of a United States commissioner to subpœna witnesses has been implied from the provision of Rev. St. § 1014 (18 USCA § 591) that a United States commissioner may arrest, imprison, or bail an offender "agreeably to the usual mode of process against offenders in such State." Where the committing magistrates of the state may subpœna witnesses for the purposes of preliminary hearings, it has been held that, under this section, the United States commissioner also has this power. U. S. v. Beavers (D. C.) 125 F. 778; U. S. v. Stern (D. C.) 177 F. 479. And it may be that in states where, by express statute or judicial interpretation of statute, the committing magistrate is empowered to subpœna witnesses to testify to facts necessary to establish probable cause for arrest prior to the issuance of a warrant, and to supplement the allegations of a complaint or information insufficient for this purpose in itself, the United States commissioners for those districts have the same power. See People v. John J. Hicks, 15 Barb. (N. Y.) 153; State ex rel. Long v. Keyes, 75 Wis. 288, 44 N. W. 13; State v. Baltes, 183 Wis. 545, 198. N. W. 282. In California, however, and in this district, the power of the United States commissioner is no greater than that of the committing magistrates of this state. Such magistrates may subpœna witnesses only after arrest of the offender and complaint filed. Cal. Penal Code, § 864; and see U. S. v. Collins (D. C.) 79 F. 65, 68.

I have discussed the power of the commissioner to subpœna witnesses under Rev. St. § 1014 (18 USCA § 591), in this detail, because it is argued with insistence in support of the power of the commissioner in the instant case that a close analogy exists between the arrest of an offender and the "arrest of goods" under a search warrant. When the question at hand concerns statutory power, analogy between different statutes is of doubtful value as an aid to construction, but, even assuming the comparison here to be valid, which I do not believe it to be, it must appear from what has been said that, if the commissioner cannot subpœna witnesses to supplement a complaint which does not allege facts sufficient to establish probable cause for arrest, neither can he do so to supplement deficiencies in the affidavits or other testimony offered by the applicant for a search warrant.

■ Early New York and Wisconsin cases have construed the language of statutes relating to preliminary investigation of complaints upon which a warrant of arrest is to be based, directing the examination of "complainant and any witness he may produce" as authorizing the subpœnaing of witnesses for that purpose. People v. John J. Hicks, 15 Barb. (N. Y.) 153; State ex rel. Long v. Keyes, 75 Wis. 288, 44 N. W. 13. The phraseology of the New York Code (section 794, Code of Criminal Procedure) is said to have formed the model for the similar section (18

USCA § 614) of the Espionage Act relating to the examination of applicants for a search warrant, and I am urged to hold that this phrase must be similarly interpreted here. The mere use of the same language in the Espionage Act is not, however, sufficient to warrant a transfer of construction from a statute enacted by another jurisdiction for a different purpose, applicable to a different subject-matter, and construed by the state courts with reference to the structure of their own judicial system.

 It is further argued that the fact that a United States commissioner, in passing upon the question of probable cause sufficient to support the application for a search warrant, is acting judicially is a sufficient basis for implying power to subpœna witnesses in aid of the judicial function. The mere exercise of judicial power does not invest a functionary with the aids to jurisdiction peculiar to courts of record. The history of the United States commissioners is a demonstration of this fact. Under the earlier form of the perjury statute, perjury before a commissioner could not be punished as a perjury before a "court." Todd v. U. S., 158 U. S. 278, 15 S. Ct. 889, 39 L. Ed. 982. Contempt of a commissioner's orders cannot be punished by him, but only by the court appointing him, where it appears that the matter pending before the commissioner is one which can be held to be pending in the court itself. In re Mason (D. C.) 43 F. 510; U. S. v. Beavers (D. C.) 125 F. 778; U. S. v. Tom Wah (D. C.) 160 F. 207. In other words, the powers of the United States commissioners are quasi judicial only, and, unless the plain language of a statute confers authority, the nature of his function is an insufficient basis for enlarging his jurisdiction. In re Perkins (D. C.) 100 F. 950; U. S. v. Tom Wah (D. C.) 160 F. 207.

██ What I have said concerning the lack of statutory authority for the issuance of a subpœna by a commissioner in aid of an application for a search warrant is probably sufficient to establish the fact that the subpœna in the instant case is void, and that respondent cannot be held in contempt for refusing to obey it. There is, however, another and further reason for its invalidity, which is applicable whether the subpœna in question is attempted to be issued by the commissioner or by a judge of this court.

 Whatever the historical origin of the search warrant, and irrespective of the fact that in theory it may still have about it traces of the "warrant in arrest of goods," its prac-

tical status at the present time is inquisitorial; it is an instrument for the procuring of evidence. The statutes affecting its use are limitations upon the right of those investigating crime to enter and search the premises of citizens. A search may be had only when the facts known are sufficient to establish probable cause for the search. If the ingenuity and skill of the investigators is not sufficient to establish probable cause in a manner which will satisfy the commissioner or the judge to whom application for a search warrant is made, the deficiencies can be supplied only by further investigation. The subpœnaing of witnesses on the application for a warrant can be for no other purpose than to secure the missing proof.

In the federal courts, there is but one inquisitorial body, the grand jury. To that body is given power to subpœna witnesses in aid of any inquiries which it may desire to make. Rev. St. § 877, 28 USCA § 655; Hale v. Henkel, 201 U. S. 43, 26 S. Ct. 370, 50 L. Ed. 652. The federal courts have not been called upon to consider the status of acts of a judicial officer which are inquisitorial and within the scope of the grand jury powers, but the question has come before state courts in several instances. The decision has uniformly been that acts invading the province of the grand jury are void. Ward Baking Co. v. Western Union Telegraph Co., 205 App. Div. 723, 200 N. Y. S. 865; In re Both, 200 App. Div. 423, 192 N. Y. S. 825; People v. Dunning, 113 App. Div. 35, 98 N. Y. S. 1067; Williams v. People, 46 Colo. 183, 103 P. 298; Ketcham v. Commonwealth, 204 Ky. 168, 263 S. W. 725. In accordance with the reasoning of these cases, a proceeding by which a judge of this court or a United States commissioner seeks to procure evidence in aid of an incomplete showing made on application for a search warrant is the exercise of a function reserved to the grand jury, and is void.

For the reasons above stated, respondent is not in contempt of court, having merely failed to obey void process.

I have determined this question upon its merits, having in mind the comment of the Supreme Court of the United States with regard to its refusal to pass upon the power to issue a writ of prohibition in Ex parte Bakelite Corp., 279 U. S. 438, 448, 49 S. Ct. 411, 412, 73 L. Ed. 789, to the effect that: "The power of this Court to issue writs of prohibition never has been clearly defined by statute or by decisions. And the existence of the power in a situation like the present is not free from doubt. But the doubt need not

be resolved now, for, assuming that the power exists, there is here, as will appear later on, no tenable basis for exercising it. In such a case it is admissible, and is common practice, to pass the question of power and to deny the writ because without warrant in other respects."

See, also, Smith v. Whitney, 116 U. S. 167, 175, 6 S. Ct. 570, 29 L. Ed. 601.

 It is not necessary to the disposition of the case that I decide whether jurisdiction exists to punish the acts here complained of as contempts of this court, as I have found that no contempt exists, but I feel it advisable to state that I do not believe that an application for a search warrant institutes a proceeding in this court, such that violation of orders in connection therewith can be punished as contempts. The Espionage Act (18 USCA § 611) confers concurrent power to issue search warrants upon a judge of a United States District Court, or a judge of a state or territorial court of record, or an United States commissioner. While the act of issuing a search warrant presupposes a "judicial" hearing, such hearing is quasi judicial only, and the official issuing the warrant is acting as a magistrate rather than as a judge of this court. Punishment for contempt in the federal courts is limited by Judicial Code, § 268, 28 USCA § 385, to contempts of the court as such. Francis v. People of Virgin Islands (C. C. A.) 11 F.(2d) 860. There must be some proceeding pending over which the court has or may assume jurisdiction. Issuance of a search warrant may lead to court proceedings in which the validity of the warrant or of the seizure of property under it comes in question, but the mere application for a warrant does not invoke the jurisdiction of the District Court.

For the reasons above stated, the order to show cause is discharged.