STATE EX REL. KOWALESKI, Appellant, vs. DISTRICT COURT OF MILWAUKEE COUNTY and another, Respondents.*

*February 15—March 8, 1949.*

---

* Motion for rehearing denied, with $25 costs, on May 3, 1949.

366

*Walter Schinz, Jr.,* attorney, and *Terence N. Hickey* of counsel, both of Milwaukee, for the appellant.

For the respondents there was a brief by the *Attorney General, William J. McCauley,* district attorney of Milwaukee county, and *Joseph E. Tierney,* deputy district attorney, and oral argument by *Mr. Tierney.*

MARTIN, J. Pursuant to secs. 5 and 6, ch. 218, Laws of 1899, the district court of Milwaukee county had jurisdiction to proceed with the investigation under sec. 361.02, Stats., which provides as follows:

*"Complaint and warrant; John Doe proceeding.* (1) Upon complaint made to any such magistrate that a criminal offense has been committed, he shall examine, on oath, the complainant and any witness produced by him, and shall reduce the complaint to writing and shall cause the same to be subscribed by the complainant; and if it shall appear that any such offense has been committed the magistrate shall issue a warrant reciting the substance of the accusation, and requiring the officer to whom it shall be directed forthwith to take the person accused and bring him before the said magistrate, or before some other magistrate of the county, to be dealt with according to law; and in the same warrant may require the officer to summon such witnesses as shall be therein named to appear and give evidence on the examination."

The trial court found that there were two separate proceedings in district court, one of which was the criminal charge (entitled State of Wisconsin v. John Henry Kowaleski) for the offense of accepting a bribe, and bearing file No. 99307; and the second an independent investigational proceeding brought under sec. 361.02, Stats., and referred to as file No. 99377.

There was no evidence from which a different conclusion could be reached. The records of the court are conclusive here.

Sec. 361.02, Stats., which is known as the John Doe statute, was first considered and construed by this court in *State ex rel. Long v. Keyes* (1889), 75 Wis. 288, 44 N. W. 13. It is stated (p. 293):

"Before seeking other light on the subject, the language employed in framing this section must first be consulted, and its ordinary meaning must govern its construction, unless doubtful or ambiguous. (1) Other witnesses than the complainant may be examined on oath. (2) Such witnesses must be *produced* by the complainant. He cannot 'produce' them in any other way than to suggest their names to the magistrate. If they come voluntarily with the complainant, he cannot be said to produce them in any other way than to make them known to the justice as witnesses who know something about the case. They are produced as parties produce their witnesses in court. They may come voluntarily or on subpoena, and on attachment if necessary. When shall he produce them? The statute is silent as to the time, as it is as to the number of the witnesses. The exigency of other business before the justice might require an adjournment, after examining the complainant. This inquiry is about the power or authority of the justice, and not its practical execution. The complainant produces or suggests or names a great many witnesses at the time, or at another time, and at different times during the progress of the examination. They are witnesses, and therefore may be subpoenaed. The main purpose is to obtain the facts in relation to the offense from the complainant and other witnesses, and the justice has the power to have or bring such other witnesses before him to be examined as to their knowledge of the facts. Having this power, the manner or time of executing it, or the practice under it, is not material to this inquiry. These and many other subordinate matters are necessarily left to the discretion of the justice. He must proceed in some way until the facts of the offense are made known to him by witnesses under oath. He has to judge of these facts. He adjudicates upon them. '*If it shall appear* that any offense has been committed, the magistrate shall issue his warrant,' etc. It must *appear* from *the facts.* He must pursue the examination until such facts make it appear. He has no power to issue a warrant until it does so appear. The facts

disclosed must make a *prima facie* case of crime against some one. The section further provides: 'And in the same warrant may require the officer to summon such witnesses as shall be therein named.' How can the magistrate know what witnesses to name in the warrant to be summoned 'to appear and give evidence on the examination,' unless he has obtained such knowledge by their previous examination? This duty is unlimited. He must name in the warrant all such witnesses as can give evidence on the examination, many or few, and he must have found out who such witnesses are from their previous examination before him."

Referring to file No. 99377, the investigational proceeding under sec. 361.02, Stats., the court upon the complaint filed by the district attorney, which wc have summarized in the statement of facts, can subpoena persons whom it is believed have knowledge of *other* offenses committed by the plaintiff, John Henry Kowaleski, in his capacity as town chairman of the town of Lake. When the investigation is concluded, if the court is satisfied that other offenses have been committed by the said Kowaleski, warrants can be issued for his arrest for the offense or offenses discovered. By constitution and by law, plaintiff Kowaleski will then be entitled to appear before the district court with counsel to participate in the preliminary hearing for those various offenses and the action of the district court must be limited solely to the determination of whether or not an offense has been committed and whether there is reasonable cause to believe that plaintiff Kowaleski is guilty thereof. At no time either at the preliminary hearing in the existing offense (file No. 99307), which is the case relating to the offense of accepting a bribe, now adjourned, nor in the investigational proceedings can the district court make any final disposition or determination which in any way will create an extreme emergency or exigency affecting the liberty or the constitutional rights of the plaintiff, Kowaleski.

Plaintiff claims that he has a legal right to attend the John Doe proceedings. We call attention to *State v. Herman*

(1935), 219 Wis. 267, 262 N. W. 718, a prosecution of the defendant for criminal libel. He was convicted and upon appeal to the supreme court, he complained that the trial court erred in refusing to permit him to inspect the district attorney's transcript of testimony taken at the John Doe hearing. The court quoted the statute and stated (p. 274):

> "This statute does not require the magistrate to reduce the testimony to writing. Moreover, the rule is well established that 'one accused of crime enjoys no right to an inspection of the evidence relied upon by the public authorities for his conviction.'" (Cases cited.)

Plaintiff has asserted that the witnesses interrogated in the investigational proceeding were admonished to keep silent. Secrecy is a privilege of the witnesses and only they can object to such an order.

*State ex rel. Alford v. Thorson* (1930), 202 Wis. 31, 231 N. W. 155, was a case in *quo warranto*. In that case the district attorney conducted a John Doe proceeding under the statute referred to for the purpose of inquiring into the validity of an election. It is stated (p. 34):

> "No cases or texts or other authorities are cited or found to the point that John Doe proceedings are secret, nor are any cited or found to the point that they are on a parity with grand jury proceedings."

In referring to a discussion by Wigmore on Evidence, it was stated (p. 35):

> "It should be noted that the secrecy is the privilege of the witness, and consequently only the witness has right to object to removal of the ban. The witnesses are 'guaranteed temporarily against compulsory disclosure of their testimony, because otherwise the state could not expect to secure ample evidence for the information of the grand jury. The secrecy is the state's inducement for obtaining testimony. . . .' It is pointed out that the privilege is not the grand juror's or the state's but that of the witness and rests upon his consent. It is further pointed out that the secrecy is temporary only; that

permanent secrecy is more than is necessary to render the witness willing to testify; that the limit of secrecy is passed when the grand jury has finished its work, and that 'there remain, therefore, on principle, no cases at all in which the privilege of the witnesses . . . should be deemed to continue' thereafter."

Plaintiff has raised the question of the propriety of the issuance of the subpoenas (file No. 99377) with the defendant named instead of "John Doe." We find nothing in sec. 361.02, Stats., that prohibits it. The complaint in file No. 99377 stated: "Affiant further alleges on information and belief that the above-named defendant, John Henry Kowaleski, has been guilty of other violations of section 346.06, particularly paragraph (1) thereof, which relates to corruptly accepting and receiving a bribe." This places a limit on the investigational proceedings, and we conclude that it was proper to name the defendant. In *State ex rel. Long v. Keyes, supra,* it will be noted in the statement of facts that in the complaint which was filed in the municipal court of Dane county, three definitely named persons were named as defendants. These individuals and divers other named persons were charged with having committed the assault upon one Riley.

Plaintiff has also asserted that the court did not have authority here to compel the production of certain records and books belonging to the town of Lake. No showing is made that the plaintiff is a proper person to have possession of the subpoenaed records, set forth in our statement of facts, or that possession of the records is a proper matter for a writ of prohibition. That is a matter for the clerk of the town of Lake and the magistrate subpoenaing the records.

As to whether the magistrate under sec. 361.02, Stats., can permit the district attorney collaborating in the investigation to promise immunity to witnesses as an inducement to their testifying, this is improper and has no legal basis. However, the district attorney on his oral argument denied making such statements and denied that he had offered immunity to any

witness.   He properly stated that immunity can be granted only by the examining magistrate and then only within the discretion of said magistrate.   We find no evidence of any abuse of this discretion.

It is a well-established rule of law on the subject of writs of prohibition that the writ of prohibition is an extraordinary remedy.   It is stated in 42 Am. Jur., Prohibition, p. 141, sec. 6:

"Prohibition, like all other prerogative writs, is to be used with great caution and forbearance, for the furtherance of justice and to secure order and regularity in judicial proceedings, and should be issued only in cases of extreme necessity.   The writ will not issue to prohibit a court from acting in the proper exercise of its powers and within its jurisdiction.   Nor will a court issue prohibition in a case where it is not justified, for the sole purpose of establishing a principle to govern other cases.   Nor will it ordinarily be issued in a doubtful case. Indeed, it has been held that prohibition will not lie if the inferior court has *prima facie* jurisdiction, that is, if on the face of the papers the cause is within the court's cognizance; but the better rule in such cases has been to grant such writs on showing by evidence, aliunde the record, that the court had no jurisdiction."   See *State ex rel. Joyce v. Farr* (1940), 236 Wis. 323, 327, 295 N. W. 21.

We find no evidence in this case that the magistrate has proceeded in the investigational proceeding beyond his powers and jurisdiction, or that he has threatened to do so.   There is no evidence that rights of the defendant have been violated. Unless there is an abuse of discretion, this court cannot limit the investigational proceedings.   Neither is the discretion of the magistrate to be directed or controlled unless it amounts to an abuse.

We do not find in this case any reason for this court to exercise its power of "general superintending control over all inferior courts" which the constitution by sec. 3, art. VII, grants to the supreme court.

In *Petition of Pierce-Arrow Motor Car Co.* (1910), 143 Wis. 282, 285, 127 N. W. 998, it is stated:

"Those principles in substance are that this jurisdiction is not to be exercised upon light occasion, but only upon some grave exigency; that the writs by which it is exercised will not be used to perform the ordinary functions of an appeal or writ of error; that the duty of the court below must be *plain;* its refusal to proceed within the line of such duty or, on the other hand, its intent to proceed in violation of such duty must be *clear;* the results must be not only prejudicial but must involve extraordinary hardship; the remedy by appeal or writ of error must be utterly inadequate; and the application for the exercise of the power of superintending control must be speedy and prompt." (Cases cited.)

*By the Court.*—Order affirmed.

HUGHES, J. (*dissenting*). I am compelled to disagree with the court.

The question simply is whether the magistrate, having issued a warrant for and caused the arrest of the defendant John Henry Kowaleski for acceptance of a specific bribe, can thereafter in a new proceeding of State of Wisconsin v. John Henry Kowaleski subpoena witnesses and conduct a John Doe hearing.

The determination of this question requires a construction of sec. 361.02 (1), Stats., which provides:

"Upon complaint made to any such magistrate that a criminal offense has been committed, he shall examine, on oath, the complainant and any witness produced by him, and shall reduce the complaint to writing and shall cause the same to be subscribed by the complainant; and if it shall appear that any such offense has been committed the magistrate shall issue a warrant reciting the substance of the accusation, and requiring the officer to whom it shall be directed forthwith to take the person accused and bring him before the said magistrate, or before some other magistrate of the county, to be dealt with according to law; and in the same warrant may require the

officer to summon such witnesses as shall be therein named to appear and give evidence on the examination."

In *State ex rel. Long v. Keyes* (1889), 75 Wis. 288, 299, 44 N. W. 13, this court said:

"I have extended this opinion too long, in view of the fact that the question involving the proper construction of said statute is not difficult, but the question is certainly a very important one."

The importance of the question, the far-reaching effects of the majority opinion, and the evils which I believe now have the approval of this court, impel me to set forth my reasons for dissent.

In the case of *State ex rel. Long v. Keyes, supra,* complaint had been made to the municipal court for Dane county that Alonzo F. Kellogg, George H. Paul, Charles H. Maxon, and divers other persons whose names were unknown to the complainant had on a designated occasion riotously and tumultuously assaulted one Riley, injuring him and terrifying him and others lawfully in the community.

The judge of the municipal court, sitting as a magistrate, held hearings and subpoenaed witnesses whose names were suggested by the complaining witness and the testimony of other witnesses. The hearings were adjourned from time to time, and the relator Long was called at one of the sessions and sworn to give testimony. He refused upon many grounds, the chief of which was that the magistrate had no power or authority to compel him to testify.

The court held that the magistrate was acting within his power.

It must be noted that the proceeding there was as contemplated by the statute for the purpose of determining whether others besides the named defendants had participated in the riot and who they were. No warrant had issued for the arrest of anyone.

This court there considered the purposes of the statute (p. 294) :

"When this statute was first enacted the common-law practice was for the magistrate to issue the warrant on a complaint of *mere suspicion,* and he was protected in doing so.    This was found to be a very unsafe practice.    Many arrests were made on groundless suspicion, when the accused were innocent of the crime and there was no testimony whatever against them. The law delights as much in the protection of the innocent as in the punishment of the guilty.    This statute was made to protect citizens from arrest and imprisonment on frivolous and groundless suspicion."

At page 298 the court said :

"The conclusion, therefore, is that the respondent, as judge of said court, acted in said matter strictly within his powers and jurisdiction and according to the statute, and has yet the power and jurisdiction to continue said examination until it shall appear that the accused, and any other person or persons, are probably guilty of said offense."

The implication is plain that when said facts appear to the magistrate his duty is to issue the proper warrant.    Certainly where he issues a warrant he cannot continue a hearing as an aid to the district attorney in preparing the prosecution.

The language of the court was so interpreted in XXIX Op. Atty. Gen. 401 (1940) :

"The proper procedure is for the informant to complain orally to the magistrate that an offense has been committed but that he does not know the identity of the offender.    The magistrate then has jurisdiction to subpoena any number of witnesses necessary to be examined in order to learn the identity of the person guilty and may continue the hearing from time to time.    No warrant should be issued during the course of these proceedings, since there is no basis for the issuing of the warrant until the identity of the offender is known. Issuing the warrant for the apprehension of John Doe and then having the sheriff's return on such warrant stating that

.he cannot find the accused is not only an idle ceremony but is contrary to the intent of the statute.

"After the warrant has been issued, the magistrate has jurisdiction only to proceed in a summary manner."

The district attorney had the duty of proceeding in one of two ways, either against the named defendant, or under the John Doe statute. Additional crimes of bribery, if any were committed by the defendant, were subject to proof at the preliminary examination in the case in which the defendant had already been arrested. He and his counsel certainly have the right to be present and cross-examine witnesses if produced at the preliminary examination. This right cannot be defeated by starting a second proceeding against the defendant and labeling it a John Doe hearing.

If a *bona fide* John Doe proceeding were necessary to investigate other crimes of bribery and the defendant were not named as a party, but evidence came out against him incidental to such investigation, he would have no cause for complaint.

The constitutional guaranties that the accused shall enjoy the right to a speedy and public trial, to be heard by himself and counsel, to demand the nature and cause of the accusation against him, to meet the witnesses face to face, are seriously jeopardized by this proceeding.

Of course, it is simple to dispose of all constitutional objections if one starts with the presumption that the accused is guilty and that the enforcement officers must have their tasks made easy for them. It is to be hoped that even our participation in European trials has not caused us to forget that our constitution extends a protective presumption of innocence to the accused which continues with him not only to the time of his arrest but throughout the trial and until overcome by all of the evidence adduced upon the trial.

I am of the opinion that from the day a warrant is issued

and served upon any accused he is a necessary party to the proceeding and that any action which attempts to circumvent his right to appear is unconstitutional. This statute not only does not require such construction, but does not permit it.

In denying the writ of prohibition sought in *State ex rel. Long v. Keyes, supra,* the court said (p. 299) :

"We cannot assume that the said judge will proceed longer in such examination or make it more expensive than necessary. . . . Because the said judge has not proceeded in said examination outside or beyond his powers and jurisdiction; and has not threatened to do so, the motion to quash the writ is sustained."

But the magistrate here exceeded his jurisdiction by conducting the examination after the issuance of the warrant. I am therefore of the opinion that the writ of prohibition sought by the relator should be granted.