STATE EX REL. DISTENFELD, Appellant, vs. NEELEN, District Judge, and others, Respondents.

*June 7—July 12, 1949.*

216

For the appellant there was a brief by *Rubin & Ruppa,* attorneys, and *W. B. Rubin* of counsel, all of Milwaukee, and oral argument by *W. B. Rubin.*

For the respondents there was a brief by *Walter J. Mattison,* city attorney, *Clyde E. Sheets* and *George A. Bowman, Jr.,* assistant city attorneys, and oral argument by *Mr. Sheets* and *Mr. Bowman.*

FAIRCHILD, J.   The writ of prohibition which was dismissed in the circuit court was addressed to four individuals: The assistant city attorney of Milwaukee, the mayor of Milwaukee, the president of the Milwaukee common council, and the judge of the district court of Milwaukee county.   The petition for the writ asked that the defendants be restrained from acting in concert to make public before a gathering, not in court, the testimony, which the petitioner had given in the

John Doe proceeding on promise of immunity and secrecy, because he neither was appearing as a witness before the gathering so that the John Doe testimony could be used for impeachment purposes nor was he charged with perjury.

A writ of prohibition lies only to restrain the exercise of judicial functions outside or beyond the jurisdiction of the court or body acting in a judicial character. *State ex rel. Long v. Keyes,* 75 Wis. 288, 44 N. W. 13. It will lie against an inferior judicial tribunal or a quasi-judicial body or individuals, who in the discharge of a duty are exercising judicial power, to prevent them from exceeding their jurisdiction. *State v. Fischer,* 175 Wis. 69, 184 N. W. 774; 42 Am. Jur., Prohibition, p. 150, sec. 11 *et seq.*

Clearly the persons against whom petitioner seeks a writ of prohibition were not attempting to exercise judicial power. They were presenting, in a liquor-license hearing before the Milwaukee common council, evidence taken in a John Doe proceeding and alleged to be legally beyond their reach. Petitioner seeks to prevent them from doing this. A writ of prohibition will not serve his purpose.

It should be pointed out that the usual practice is to call the witness whose testimony is desired and, if occasion requires reference to statements made elsewhere, then resort may be had to the John Doe testimony. However, it is apparent that the writ of prohibition will not serve when directed to individuals, as here. The case may well turn upon the points just mentioned, and the fact that petitioner does not show an actionable interest to be protected by the particular writ resorted to.

However, important considerations are involved in an appraisal of the purpose of the so-called John Doe proceedings. The amount and extent of the secrecy required for a John Doe hearing has never been expressly passed upon by this court.

The only case in which the use of testimony taken at an adjourned John Doe proceeding has been discussed is *State ex*

*rel. Alford v. Thorson,* 202 Wis. 31, 231 N. W. 155. There it was held that the evidence could be used by the prosecution at the trial of the accused.

The John Doe statute, sec. 361.02, as presently existing, does not require that the proceedings be in secret. However, the hearings frequently are in secret, and the lack of that requirement does not mean that the secret hearings should be made public once they are closed. In fact, when it is realized that the secrecy is used in the first place to prevent testimony which may be mistaken or untrue or irrelevant or hearsay from coming before the public, it is clear that the same safeguards should be maintained after the hearing is closed. Therefore, it is considered that the better rule is that evidence taken at a secret John Doe is not to be made public and may only be used under suggested circumstances. (See sec. 33 of the recent enactment by the legislature revising the criminal procedure, being chs. 353 to 363 of the statutes.)

*Judevine v. Benzies-Montanye Fuel & Whse. Co.* 222 Wis. 512, 269 N. W. 295, is authority for the ruling below that petitioner's cause of action for invasion of the right of privacy does not exist in this case.

*By the Court.*—Order affirmed.