YOECKEL, Appellant, vs. SAMONIG, Respondent.

*March 5—April 3, 1956.*

For the appellant there was a brief by *Lawler & Callow,* attorneys, and *Richard S. Hippenmeyer* of counsel, all of Waukesha, and oral argument by *William C. Lawler.*

For the respondent there was a brief by *D'Amato & Fryatt* of Waukesha, and oral argument by *Harry E. Fryatt, Jr.*

GEHL, J.   The parties agree that plaintiff seeks to plead a cause of action based upon defendant's violation of her right of privacy, sometimes defined as the right to be let alone.  As appears from the annotations in 138 A. L. R. 22, and in 168 A. L. R. 446, the right has been recognized and enforced in some jurisdictions and denied in others.  In the only cases in which this court has been called upon to consider the question we refused to recognize the right.  In *Judevine v. Benzies-Montanye Fuel & Whse. Co.* (1936), 222 Wis. 512, 527, 269 N. W. 295, recovery was sought on that ground among others.  It was alleged that defendant had distributed handbills through the city of plaintiff's residence purporting to advertise for sale to the highest bidder an account for merchandise sold to him by the defendant.  It is apparent from the opinion that the court made a careful study of the subject. It held that no cause of action was stated and said:

"We are of opinion, especially in view of the fact that truth is held no defense to the action where it has been recognized as it is to actions for injury to reputation through libel and slander, that if a right of action for violation of the right of privacy by such acts as are here involved is to be created, it is more fitting that it be created by the legislature by declaring unlawful such acts as it deems an unwarranted infringement of that right."

In *State ex rel. Distenfeld v. Neelen* (1949), 255 Wis. 214, 38 N. W. (2d) 703, the petitioner sought a writ prohibiting certain officials of the city of Milwaukee from reading before a meeting of the common council testimony given by him

at a John Doe proceeding previously held and closed. He alleged that he had testified at the John Doe proceeding on assurance that his testimony was secret, that his right of privacy was about to be invaded and that he would be held up to public contempt, ridicule, and disgrace by having his testimony read as threatened. The court held that *Judevine v. Benzies-Montanye Fuel & Whse. Co., supra,* is authority for the ruling that petitioner's cause of action for invasion of the right of privacy did not exist, and denied the application for a writ.

The rulings in these cases must be accepted as a refusal to recognize a right of action for violation of one's right of privacy and as an expression that if the right is to be created it be done by the legislature. The legislature has refused to create it. Apparently in response to the court's suggestion made in *Judevine v. Benzies-Montanye Fuel & Whse. Co., supra,* there was introduced at the 1951 session, Bill No. 215, S. It contained a short provision which would have created the broad enactment that:

"The legal right of privacy is recognized in this state and an invasion thereof shall give rise to an equitable action to prevent and restrain such invasion as well as an action to recover damages for injuries sustained by reason thereof."

Two substitute amendments to the bill were introduced.

The amended bill, if passed, would have recognized the right of privacy in only extremely limited situations. It would have made it unlawful, (1) for one to use the picture or likeness of any living person without his consent (an act which it appears is sought to be charged in the complaint in the instant action), (2) for a creditor to advertise unpaid commercial accounts in a manner which discloses the identity of the debtor and with intent to embarrass the debtor as a means of making collection or of punishing nonpayment (the precise conduct considered in *Judevine v. Benzies-Montanye*

*Fuel & Whse. Co., supra,* and which we also refused to characterize as wrong), and (3) for one to maliciously or fraudulently represent another by impersonation or other means or other person's authority. The proposal, limited as it was to a scope so narrow, was rejected by the legislature.

Included in the legislative record of the treatment of the proposal found in the legislative reference library is a note in which specific reference to the two cases to which we have referred is made. This would indicate that at some stage of the proceedings someone interested in the proposal had the cases in mind and that they sought to supply, by legislative act, that which we had indicated we were without power to accomplish by judicial act.

At the 1953 session another bill containing the same provisions and written in the identical language as is found in the second substitute amendment to the bill introduced at the 1951 session, was introduced. The bill was again defeated. It does not appear that a further effort to create the liability was made at the 1955 session of the legislature.

In view of what we said and held in the two cases referred to with respect to our lack of power to create a right for the violation of which recovery was there sought, as it is in this case, and particularly because of the refusal of the legislature at two sessions to recognize even a limited right to protection against invasion of the right of privacy, we are compelled to hold again that the right does not exist in this state.

We agree with what was recently said by the Nebraska court in *Brunson v. Ranks Army Store* (Neb. 1955), 73 N. W. (2d) 803, 806:

"Our research develops no Nebraska case holding that this court has in any form or manner adopted the doctrine of the right of privacy, and there is no precedent in this state establishing the doctrine. Nor has the legislature of this state conferred such a right of action by statute. We submit that if such a right is deemed necessary or desirable, such right

should be provided for by action of our legislature and not by judicial legislation on the part of our courts. This is especially true in view of the nature of the right under discussion, under which right not even the truth of the allegations is a defense."

*By the Court.*—Judgment affirmed.