STATE EX REL. NIEDZIEJKO, Appellant, v. COFFEY, Respondent.*

STATE EX REL. KACZKOWSKI, Appellant, v. SAME, Respondent.*

*January 8—February 4, 1964.*

* Motion for rehearing denied, without costs, on March 31, 1964.

For the appellants there was a brief and oral argument by *Louis J. Ceci* of Milwaukee.

For the respondent the cause was argued by *Leroy L. Dalton* and *Robert D. Martinson,* assistant attorneys gen-

eral, with whom on the brief was *George Thompson,* attorney general.

BEILFUSS, J. The trial judge granted respondent's motion to quash the writs on the ground (1)· that the threatened acts of Judge COFFEY sought to be restrained by writs of prohibition would be performed when Judge COFFEY was acting in a ministerial rather than judicial capacity; (2) that petitioners have an adequate remedy at law; and (3) that prohibition will not lie as to completed acts. It has long ago been settled in this state that a writ of prohibition will lie against a magistrate in the conduct of a John Doe proceeding if he is exercising judicial powers. *State ex rel. Long v. Keyes* (1889), 75 Wis. 288, 44 N. W. 13. On the other hand, this same case is authority for the proposition that prohibition lies only against the exercise of judicial or quasi-judicial functions. The ancient rule that prohibition would not lie when an adequate remedy by appeal or otherwise existed has been relaxed considerably. *Drugsvold v. Small Claims Court* (1961), 13 Wis. (2d) 228, 108 N. W. (2d) 648.

We conclude that the writ will lie to restrain a judicial or quasi-judicial officer from misusing information which has come to him in his judicial or quasi-judicial capacity, notwithstanding the fact that the threatened misuse may be characterized as a nonjudicial function. In holding that a writ of prohibition would not lie, the trial judge may have relied on *State ex rel. Distenfeld v. Neelen* (1949), 255 Wis. 214, 38 N. W. (2d) 703. There it was held that a judge who had conducted a John Doe proceeding was not subject to a writ of prohibition seeking to restrain him from making available transcripts of the proceedings in a liquor-license hearing before the Milwaukee common council.

The John Doe statute as it now exists appears as sec. 954.025, Stats.:

"JOHN DOE PROCEEDING. If a person complains to a magistrate that he has reason to believe that a crime has been committed within his jurisdiction, the magistrate shall examine the complainant on oath and any witnesses produced by him and may, and at the request of the district attorney shall, subpoena and examine other witnesses to ascertain whether a crime has been committed and by whom committed. The extent to which the magistrate may proceed in such examination is within his discretion. The examination may be adjourned and may be secret. If it appears probable from the testimony given that a crime has been committed and who committed it, the complaint shall be reduced to writing and signed and verified; and thereupon a warrant shall issue for the arrest of the accused. The record of such proceeding and the testimony taken shall not be open to inspection by anyone except the district attorney unless it is used by the prosecution at the preliminary hearing or the trial of the accused and then only to the extent that it is so used."

The statute has existed with no significant change since the early history of our state, with the exception of two amendments occurring in the 1949 and the 1953 sessions of the legislature. These amendments are fully contained in the last sentence of the section:

"The record of such proceeding and the testimony taken shall not be open to inspection by anyone except the district attorney unless it is used by the prosecution at the preliminary hearing or the trial of the accused and then only to the extent that it is so used."

The *Neelen Case, supra,* must be distinguished in that the John Doe hearing had been completed and closed at the time portions of the record were revealed and the nondisclosure amendments were not yet effective.

Even though the nondisclosure amendment was not effective (but enacted) at the time of the *Neelen* decision, it contains the following language, at page 218:

"The John Doe statute, sec. 361.02 [now sec. 954.025] as presently existing, does not require that the proceedings be in secret. However, the hearings frequently are in secret, and the lack of that requirement does not mean that the secret hearings should be made public once they are closed. In fact, when it is realized that the secrecy is used in the first place to prevent testimony which may be mistaken or untrue or irrelevant or hearsay from coming before the public, it is clear that the same safeguards should be maintained after the hearing is closed. Therefore, it is considered that the better rule is that evidence taken at a secret John Doe is not to be made public and may only be used under suggested circumstances. (See sec. 33 of the recent enactment by the legislature revising the criminal procedure, being chs. 353 to 363 of the statutes.)"

Under sec. 954.025, Stats., the proceedings may be secret and inspection of the record is strictly limited. The respondent argues that the magistrate has discretion not only as to whether the proceedings shall be conducted in secret, but also over the extent and length of time of the secrecy. Thus he reaches the conclusion that the magistrate may require secrecy of the witnesses appearing before him but need not observe that requirement himself. We have held that a reasonable requirement of secrecy does not violate any constitutional rights of a witness in a John Doe proceeding. *State ex rel. Jackson v. Coffey* (1963), 18 Wis. (2d) 529, 118 N. W. (2d) 939. The statute clearly contemplates that a secrecy order, if issued by the magistrate, shall be binding on him as well as the witnesses. We conclude that if the magistrate, in the proper exercise of his discretion, orders that a John Doe proceeding should be secret, it must remain secret for all purposes (until closed), subject to the statutory exceptions for trials and preliminary examinations.

It follows that a revelation of the record or testimony, or a summary thereof, in a John Doe proceeding to anyone, other than the district attorney, or, in proper cases the attorney general, for purposes other than the preliminary hearing or criminal trial of a person against whom a warrant is issued as a result of such proceedings, is a violation of sec. 954.025, Stats.

The admitted facts are that the petitioners were recalled as witnesses in the John Doe proceeding after appearing as witnesses for the defendant in a preliminary hearing arising from a warrant issued by Judge COFFEY in the same John Doe proceeding. Upon refusal to testify, the witnesses were threatened by the magistrate with loss of employment and report to their superior officers of their testimony and refusal to testify.

The petitioners have not been excused as witnesses. The hearings were held in secret without public scrutiny. Petitioners were not allowed to have counsel present to advise them or appear for them. The petitioners were ordered by the magistrate not to reveal any portion of the hearing except to their attorneys.

In conducting the examination of these witnesses the magistrate is acting in a judicial capacity. The petitioners were entitled as individuals to assert their constitutional right not to testify upon the ground that their testimony might tend to incriminate them. The magistrate could compel them to testify if he so chose by extending criminal-prosecution immunity to them under sec. 325.24, Stats., by means of the procedure set forth in *State ex rel. Jackson v. Coffey, supra.*

The magistrate abuses his judicial discretion when he attempts to compel or coerce a witness to testify under a threat of loss of employment by revelation of a part of a record he ordered to be made secret. The witness, by virtue of the secrecy mandate of the magistrate, could not even

reveal his recollection of the proceeding when confronted by the employer.

The attorney general, counsel for Judge COFFEY in this proceeding, urges that this standard should not apply to the petitioners because, as police officers, their refusal to testify constitutes a violation of the police-department rules. The police-department rules are not before us but we assume they so provide. As salutary as this argument may be, it does not alter the clear language of the statute: "The record of such proceeding and the testimony taken shall not be open to inspection by anyone except the district attorney" and in this instance the attorney general.

The non-co-operation of police officers can properly be brought to the attention of the appropriate authorities without doing violence to the John Doe statute. If the refusal of the officer to testify upon the ground of nonincrimination is only a violation of department rules, or more seriously, protection of the others, the officer can be exposed by being granted immunity under sec. 325.24, Stats., as set forth above. Hearings to grant immunity must be public and in open court except as provided in sec. 256.14. See *State ex rel. Jackson v. Coffey, supra,* page 536.

Further, if the magistrate has reasonable grounds to believe the officer has committed a crime and does not in justice feel the officer should be given the benefit of immunity, he may issue a warrant for his arrest, which would automatically bring his conduct to light and to the attention of his superiors.

If by virtue of our prior decisions doubt exists as to whether the acts or any of them of the magistrate in a John Doe proceeding are ministerial or quasi judicial or judicial in nature those doubts are resolved. In a John Doe proceeding the acts of a magistrate are judicial or quasi judicial in nature and subject to a writ of prohibition upon proper showing. The language in the case of *State ex rel. Disten-*

*feld v. Neelen, supra,* insofar as it implies the contrary is withdrawn.

One of the grounds urged by appellants in support of the writ is that the proceedings have gone on so long and covered such a broad front that they should have been discontinued.

The purpose of sec. 954.025, Stats., is to investigate a complaint so that a warrant will not issue on mere suspicion. *State ex rel. Long v. Keyes, supra.* Mr. Justice HUGHES, in his dissent in *State ex rel. Kowaleski v. District Court* (1949), 254 Wis. 363, 375, 36 N. W. (2d) 419, examined *State ex rel. Long v. Keyes, supra:*

> "The implication is plain that when said facts [that the accused and any other person or persons are probably guilty of the offense] appear to the magistrate his duty is to issue the proper warrant. Certainly where he issues a warrant he cannot continue a hearing as an aid to the district attorney in preparing the prosecution."

The statute provides that the extent to which the magistrate may proceed is at his discretion. On the other hand, the magistrate is a quasi-judicial officer and is responsible for an abuse of his discretion. *State ex rel. Long v. Keyes, supra.*

The allegations of the petitioners as to the excessive duration and scope of the proceedings are so indefinite and uncertain that they cannot constitute a basis for a writ of prohibition to end the proceeding. Prohibition is drastic in nature and should be exercised with caution and only where the basis for the writ is clear. Further, the petitioners do not show whereby they have been personally subjected to either lengthy or diverse investigation.

We recently stated in *State ex rel. Jackson v. Coffey, supra,* a case involving this same proceeding (p. 545): ". . . we do not say that it is impossible for a magistrate in a John Doe proceeding to go so far afield in his question-

ing as to exceed his authority to examine, but we presume here that the questions asked were reasonably related to inquiry into the commission of offenses."

The presumption is that the magistrate has not abused his discretion both as to duration and scope of the proceeding. This presumption can be overcome only by specific allegation which the magistrate may contest. If the facts then show that the magistrate has extended the proceeding in duration or scope beyond the reasonable intendment of the statute, or has otherwise improperly conducted the proceeding and intends to persist, he can be restrained by writ of prohibition for abuse of discretion.

It appears from the record that some of the threatened acts were in fact performed prior to the date that petitioners applied for the writs. The trial court was correct in stating that prohibition will not lie against those acts.

*By the Court.*—Judgments reversed insofar as they deny prohibition to restrain the magistrate from threatening loss of employment and disclosure of any part of the record and testimony or summaries thereof; causes remanded with instructions to grant prohibition absolute to the extent provided herein. Judgments affirmed in all other respects. No costs to be taxed.

The following memorandum was filed March 31, 1964:

PER CURIAM (*on motion for rehearing*). We remanded this matter to the circuit court with directions to grant prohibition absolute to restrain the magistrate from threatening loss of employment and disclosure, except as expressly authorized by statute, of any part of the record and testimony or summaries thereof. In so doing we deemed the facts alleged in the petitions to be admitted by respondent's motions to quash. Respondent now requests that we permit him to file a return in the circuit court to raise issues of

fact. He has submitted his affidavit to show the allegations he would make if permitted.

Respondent asserts that after refusal of appellants to testify, respondent advised their attorney during a conference "that it would be incumbent upon [respondent] to notify the Chief of Police that two of his officers had refused to testify on the ground that their answers might tend to incriminate them. . . ." Under the circumstances this assertion sufficiently supports the allegations of the petition with respect to threat of loss of employment and report to appellants' superior officers. It would raise no material issue of fact even though elsewhere in the affidavit respondent alleges that during the interrogation he did not threaten appellants.

Respondent asserts that on June 5, 1963, respondent notified the chief of police that appellants had refused to testify on the grounds of self-incrimination. As stated in our opinion, such disclosure of a portion of the record was a violation of sec. 954.025, Stats. The disclosure had, however, occurred before the commencement of this action. The principle that prohibition will not lie against the prior disclosure has already been stated in the opinion.

Respondent has not shown sufficient cause for permission to plead over.

Motion for rehearing denied, without costs.