STATE EX REL. KLINKIEWICZ, Appellant, v. DUFFY, County
Judge, and another, Respondents.

*May 10—June 6, 1967.*

For the appellant there was a brief by *Meldman &
Kahn,* attorneys, and *John T. Lynch* of counsel, all of
Milwaukee, and oral argument by *Clifford K. Meldman.*

For the respondent Duffy the cause was argued by
*David J. Cannon,* assistant district attorney of Milwaukee
county, with whom on the brief were *Bronson C. La
Follette,* attorney general, *Hugh R. O'Connell,* district
attorney, *Robert P. Russell,* corporation counsel of Mil-
waukee county, and *Joseph J. Esser,* assistant corporation
counsel.

CURRIE, C. J.    The following issues are presented on
this appeal:

(1)  Whether a magistrate, who adjourns a preliminary
examination for more than ten days without consent of
the accused contrary to sec. 954.05 (1), Stats., loses juris-
diction.

(2)  Whether prohibition was the proper remedy to be
employed by petitioner.

*Interpretation of Sec. 954.05 (1), Stats.*

Sec. 954.05 (1), Stats., provides:

"**Adjournments of hearing.** (1) The magistrate may
adjourn the examination from time to time, *but not ex-
ceeding 10 days* at one time without the consent of the
defendant, . . ." (Italics supplied.)

A preliminary examination since 1849 in this state has been considered an essential step in the criminal process involving felonies.[1] The purpose of the preliminary examination is to provide an *expeditious* means for the discharge of an accused if it does not appear probable that he has committed the crime or crimes for which he is being held.[2] The right to such an examination stems purely from statute and is not considered a constitutional right.[3] In *Wolke v. Fleming*[4] this court said:

". . . a preliminary examination is statutory and compliance with the statute is a requisite to jurisdiction."

In *Odell v. Burke*[5] the court of appeals for the Seventh circuit made peripheral reference to sec. 954.05 (1), Stats., and stated that an indefinite adjournment of a preliminary examination because of illness of the judge was a violation of the statute.[6] *Odell, supra,* appears to be the only relevant decision relating to the ten-day prohibition of the statute in question, as this court does not appear to have ever considered it.

Of aid in arriving at a determination of the question presently before this court is *State ex rel. Micheel v. Vamos,*[7] a decision by the Ohio supreme court. Ohio at

---

[1] *Sparkman v. State* (1965), 27 Wis. (2d) 92, 99, 133 N. W. (2d) 776.

[2] Wisconsin Criminal Procedure, 1966 Wisconsin Law Review 430, 445; see also *Johns v. State* (1961), 14 Wis. (2d) 119, 109 N. W. (2d) 490; 21 Am. Jur. (2d), Criminal Law, pp. 446, 447, sec. 443.

[3] *State v. McCredden* (1967), 33 Wis. (2d) 661, 669, 148 N. W. (2d) 33; *State v. Camara* (1965), 28 Wis. (2d) 365, 370, 137 N. W. (2d) 1; *State v. Strickland* (1965), 27 Wis. (2d) 623, 633, 135 N. W. (2d) 295.

[4] (1964), 24 Wis. (2d) 606, 614, 129 N. W. (2d) 841, certiorari denied, 380 U. S. 912, 85 Sup. Ct. 897, 13 L. Ed. (2d) 798.

[5] (7th Cir. 1960), 281 Fed. (2d) 782, certiorari denied, 364 U. S. 875, 81 Sup. Ct. 119, 5 L. Ed. (2d) 96, rehearing denied, 375 U. S. 932, 83 Sup. Ct. 875, 9 L. Ed. (2d) 736.

[6] Id. at page 784, footnote 1.

[7] (1945), 144 Ohio St. 628, 30 Ohio Op. 225, 60 N. E. (2d) 305.

the time of the decision had a statutory provision similar to sec. 954.05 (1), Stats. Sec. 2937.02, Ohio Revised Statutes, "Procedure before court or magistrate," in part provided:

". . . Upon application on behalf of the prosecution or the defense, and for good cause shown, the court or magistrate shall postpone the examination for a reasonable time, not to exceed ten days except by the consent of both parties."

Micheel, the appellant therein, was arrested and released on bail conditioned upon his appearance before a justice of the peace who was to conduct the preliminary examination. The preliminary examination was thereafter postponed without Micheel's consent for a period of more than ten days. He thereupon petitioned for the issuance of a writ of prohibition commanding the justice of the peace to desist from exercising further jurisdiction in the matter. The court granted the writ stating:

"We are of opinion that by virtue of the language of the statute a justice of the peace *loses jurisdiction* both of the subject matter and of the person of the accused, by granting a postponement without the accused's consent for a period longer than ten days after he is brought before such justice." (Emphasis supplied.) [8]

We are convinced that we should accord a like interpretation to sec. 954.05 (1), Stats. To interpret the statute otherwise would frustrate its objective and render its provisions nugatory.

The language of the statute additionally suggests that it is mandatory in nature. As stated in 3 Sutherland (3d ed.), Statutory Construction, p. 96, sec. 5814:

"Where statutory restrictions are couched in negative terms they are almost invariably held to be mandatory."

[8] Id. at pages 632, 633. See also 22 C. J. S., Criminal Law, pages 867, 868, sec. 335.

Thus we conclude that, if, as was the case here, a magistrate adjourns a preliminary examination for more than ten days without the consent of the accused, the magistrate loses jurisdiction. This of course does not preclude the state from initiating a new prosecution for the same offense absent the running of the statute of limitations.

If a magistrate because of the press of other scheduled matters, or for other reasons, finds it inconvenient to proceed with a preliminary examination within ten days and the accused will not consent to a longer adjournment, the magistrate is empowered to transfer the case to another magistrate.[9]

We note in the record the absence of a reporter's transcript of what occurred at each appearance before the magistrate. In all felony prosecutions before a magistrate the reporter should be called in to report what transpires at each appearance of the accused or his counsel.

### Propriety of Prohibition as a Remedy.

While prohibition is drastic in nature and should be exercised with caution and only where the basis for such a writ is clear,[10] this court has indicated that it is the proper remedy to restrain the exercise of judicial functions outside or beyond the jurisdiction of a court, or an official acting in a judicial capacity, where great hard-

[9] Sec. 954.08 (3), Stats., provides: "If it is inconvenient or impractical for the magistrate before whom the defendant is first brought to proceed with the examination within 10 days, the magistrate may transmit the case to another qualified magistrate of the county and he shall proceed with the examination."

[10] *State ex rel. Niedziejko v. Coffey* (1964), 22 Wis. (2d) 392, 396, 126 N. W. (2d) 96, rehearing denied, 22 Wis. (2d) 402a, 127 N. W. (2d) 14; *State ex rel. Kowaleski v. District Court* (1949), 254 Wis. 363, 372, 36 N. W. (2d) 419.

ship would otherwise result.[11] Petitioner in the case at bar sought to restrain the magistrate from proceeding with the preliminary examination because she claimed the magistrate had lost jurisdiction to proceed.

What the Ohio supreme court said in *State ex rel. Micheel v. Vamos, supra,* is apposite here:

"Under the theory advanced by counsel for [respondent] one could be charged with a most heinous crime and a [magistrate] could continue the examination for such period of time as suited his fancy irrespective of the provisions of the statute. Meanwhile, the accused would have no remedy except to wait until the [magistrate] finally conducted the examination and thereafter prosecute an appeal. Surely such procedure would not afford an adequate remedy; nor would it harmonize with the constitutional guarantee of a *speedy public trial.*" [12]

In Wisconsin, unlike Ohio, an appeal does not lie from the order of a magistrate binding over the accused to a court of record.[13] Therefore, in case of such an order of bindover by a magistrate the accused's only remedy would be by prerogative writ.

We determine that this is a situation where prohibition is a proper remedy.

*By the Court.*—Order reversed, and cause remanded to enter an order making the alternative writ of prohibition absolute.

[11] *State ex rel. Mitchell v. Superior Court* (1961), 14 Wis. (2d) 77, 81, 109 N. W. (2d) 522; *State ex rel. Distenfeld v. Neelen* (1949), 255 Wis. 214, 217, 38 N. W. (2d) 703; *State ex rel. Kiekhaefer v. Anderson* (1958), 4 Wis. (2d) 485, 490, 90 N. W. (2d) 790.

[12] Footnote 7, *supra,* at pages 633, 634.

[13] *State v. Koopman* (1967), 34 Wis. (2d) 204, 148 N. W. (2d) 671; *State v. Friedl* (1951), 259 Wis. 110, 47 N. W. (2d) 306.