STATE of Wisconsin EX REL. INDIVIDUAL SUBPOENAED
TO APPEAR AT WAUKESHA COUNTY
JOHN DOE CASE NO. 2003 JD 001,
Petitioner,

v.

The Honorable J. Mac DAVIS, Presiding
John Doe Magistrate, and the State of Wisconsin,
Respondents.

Supreme Court

*No. 2004AP1804–W. Oral argument March 31, 2005.
—Decided June 9, 2005.*

2005 WI 70

(Also reported in 697 N.W.2d 803.)

For the petitioner there were briefs by *Stephen P. Hurley, Marcus J. Berghahn* and *Hurley, Burish & Milliken, S.C.,* Madison, and *Harold Harlowe* and *Hal Harlowe & Associates, S.C.,* Madison, and oral argument by *Stephen P. Hurley* and *Harold Harlowe.*

For the Respondents there was a brief by *Julie M. Gay,* Waukesha and oral argument by *Julie M. Gay.*

¶ 1. SHIRLEY S. ABRAHAMSON, C.J. The court of appeals certified this matter to this court pursuant to Wis. Stat. § 809.61[1] to determine whether Judge J. Mac Davis, acting as a John Doe judge, has either the statutory or inherent authority to require counsel for a John Doe witness to take an oath of secrecy when the John Doe proceedings were already subject to a secrecy order, and whether counsel's refusal to take such an oath can be the basis for disqualifying counsel from representing a witness at the John Doe proceeding.[2]

---

[1] All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise indicated.

[2] The court of appeals, in certifying the writ of prohibition, posed the following four issues:

> 1. Does a John Doe judge have authority, either statutory or inherent, to require a John Doe witness's counsel to take a secrecy oath?

¶ 2. We conclude that a John Doe judge does not have either the statutory or inherent authority to require a witness's counsel to take an oath of secrecy when the John Doe proceedings are already subject to a secrecy order. Accordingly, we hold that the John Doe judge's decision in the instant case to disqualify counsel for declining to take a redundant secrecy oath was unwarranted. We grant the writ of prohibition and remand the cause for further proceedings.

I

¶ 3. The facts are sparse and undisputed. This particular John Doe proceeding was initiated in April 2003. In June 2004, the Witness[3] was subpoenaed to appear before the Honorable J. Mac Davis, the John Doe judge. Two attorneys accompanied the Witness.

2. Is counsel's refusal to take the oath a basis for disqualifying counsel from representing a witness at the John Doe proceeding?

3. If a John Doe judge has the authority to require counsel to take an oath of secrecy and the authority to disqualify counsel if counsel declines to do so, what is the proper procedure and what are the factors a John Doe judge should consider before disqualifying counsel?

4. How does a witness's Wis. Stat. § 968.26 (2001–2002) right to counsel at the John Doe proceeding balance against a John Doe judge's authority to require an oath of secrecy and to disqualify counsel for declining to take the oath?

*State ex rel. Individual Subpoenaed to Appear at Waukesha County John Doe Case No. 2003 JD 001 v. The Honorable J. Mac Davis,* No. 2004AP1804–W, Certification Mem. (Wis. Ct. App. Oct. 6, 2004).

[3] All persons called to appear before a John Doe judge are referred to as "witnesses." The specific witness relevant to this case will be referred to as "the Witness."

These two attorneys had apparently represented the Witness for two years in matters related to this particular John Doe proceeding. Also present at the June 2004 John Doe proceeding were two police officers, the court reporter, and the district attorney for Waukesha County.

¶ 4. When this John Doe proceeding was initiated in 2003, Judge Kathryn Foster, the John Doe judge, ordered that the proceedings be kept secret. The order, entered by Judge Foster on April 3, 2003, read in relevant part:

> [N]o witness/attorney representing the witness at this John Doe proceeding shall reveal to any other person, the questions asked of that witness, the answers given, or any other matters observed or heard within the secret John Doe proceeding.

¶ 5. Judge Davis, the judge to whom the John Doe proceedings were assigned, instructed everyone at the June 2004 proceeding about the order of secrecy. He then provided to the Witness a written "Admonishment to John Doe Witness," and read the Admonishment into the record.

¶ 6. The relevant portion of the Admonishment to the John Doe Witness was read into the record as follows:

> THE COURT: . . . You are appearing before a John Doe proceeding, ordered to be convened and conducted by myself, the Honorable J. Mac Davis, Circuit Court Judge, Waukesha County, Wisconsin.
>
> Under Wisconsin law John Doe proceedings may be secret, and this one is. You are admonished and directed to maintain this secrecy, and to inform no one of the questions asked of you, the answers given by you, or

any other matters observed or heard during this John Doe proceeding, with the exception of your own attorney, if you have one. You obviously do. Violations of this secrecy order may be punished as contempt of court. Do you understand?

THE WITNESS: Yes.

¶ 7. After reading the Admonishment, thereby reaffirming the secrecy order, Judge Davis required the Witness to swear and sign an oath of secrecy. The text of the oath was as follows:

> I hereby solemnly swear that I will keep any evidence received in this John Doe Proceeding secret to the best of my ability, and will disclose it to no one other than other sworn agents of the Proceedings. SO HELP ME GOD.

The Witness responded to the oral secrecy oath, saying, "So help me God." The Witness then signed a copy of the oath. Judge Davis then administered the statutory oath required of witnesses: "Do you swear to tell the truth, the whole truth, and nothing but the truth so help you God."[4] The Witness complied.

¶ 8. Judge Davis then addressed the Witness's two attorneys, asking one of them, "Do you understand that you are also under an obligation and order of this Court to not disclose what happens in the John Doe proceedings. You can, of course, discuss it with your co-counsel and client but not with others; is that clear in your mind?" The attorney responded, "Yes." Judge Davis then asked the attorneys to take the same oath of secrecy; both attorneys declined.

¶ 9. The Witness asserts that Judge Davis lacks authority to require an oath of secrecy from the

---

[4] Wis. Stat. § 906.03.

Witness's attorneys, although both attorneys stated that they would comply with the secrecy order. The Witness contends that when there is already a lawful secrecy order in place, the additional requirement of a secrecy oath from the Witness's attorneys is not necessary to carry out a John Doe judge's statutory mandate. In addition to arguing redundancy, the Witness argues that the oath of secrecy from the Witness's attorneys would impair the attorney-client relationship.

¶ 10. The John Doe judge and the State assert that given the importance of secrecy to John Doe proceedings, a John Doe judge's inherent authority must allow the judge to require secrecy oaths of a witness's counsel even when a secrecy order is in place. Judge Davis explained the purpose of the secrecy oath at the June 2004 proceeding, saying, "In order to protect and enforce [the original secrecy order] in a practical fashion it is important to let the people involved know that [the proceeding] is under an order of secrecy. And one of the best ways to enforce that is to ask for an oath whereby they acknowledge in a formal fashion that they are under the obligation, and will comply."

¶ 11. In enforcing the secrecy oath, Judge Davis acknowledged that the right to counsel is an important right and that under the John Doe statute a witness has a right to counsel.

¶ 12. Because the attorneys refused to take the oath of secrecy, Judge Davis disqualified them from representing the Witness.

¶ 13. In response to the disqualification of counsel, the Witness sought a supervisory writ of prohibition from the court of appeals pursuant to Wis. Stat.

§ 809.51.[5] The purpose of the writ is to prohibit Judge Davis from requiring the Witness's counsel to take the secrecy oath. The court of appeals in turn certified the matter to this court. Pending the resolution of this case, the court of appeals has stayed further enforcement of the Witness's subpoena.

## II

¶ 14. We first determine the applicable standard of review. The Witness has petitioned for a writ of prohibition on the ground that the John Doe judge exceeded his authority by requiring the Witness's counsel to take an oath of secrecy when there was already a secrecy order in effect.

¶ 15. A writ of prohibition is an extraordinary remedy that normally will not issue except in the absence of other adequate remedies.[6] As a remedy, writs of prohibition are often used in connection with John Doe proceedings.[7] Neither party challenges whether a

---

[5] Pursuant to an order issued by the court of appeals, the State was made a respondent in this case along with Judge Davis. When the petition for the writ of prohibition was filed, it too became part of the sealed record. A reporter from the Milwaukee Journal Sentinel filed a request to see the petition. To represent the interests of the executive branch in whether to unseal the petition for writ of prohibition, the State was brought into this case as a respondent. Because nothing in the petition disclosed materials essential to the secrecy of the John Doe proceeding, the petition for a writ of prohibition was unsealed.

[6] *State ex rel. Rogers v. Burton,* 11 Wis. 50, [*51], 52, [*53] (1860).

[7] *See, e.g., State ex rel. Unnamed Person No. 1 v. State,* 2003

writ of prohibition is the proper procedure to test the John Doe judge's authority in the present case. Rather, the parties dispute whether, based on the facts of this case, the court should issue the writ here.

¶ 16. A writ of prohibition is the appropriate remedy "to restrain the exercise of judicial functions outside or beyond the jurisdiction of a court, or an official acting in a judicial capacity, where great hardship would otherwise result."[8] Accordingly, if the court or a John Doe judge is properly exercising powers and jurisdiction, a writ will not issue.[9]

¶ 17. In the instant case, the requested writ of prohibition will issue if the John Doe judge acted in excess of his powers. Whether a John Doe judge has exceeded his or her powers is a question of law that this court determines independently.[10]

WI 30, 260 Wis. 2d 653, 660 N.W.2d 260; *State ex rel. Klinkiewicz v. Duffy*, 35 Wis. 2d 369, 151 N.W.2d 63 (1967); *State ex rel. Niedziejko v. Coffey*, 22 Wis. 2d 392, 126 N.W.2d 96 (1964); *State ex rel. Jackson v. Coffey*, 18 Wis. 2d 529, 118 N.W.2d 939 (1963); *State ex rel. Kowaleski v. District Court*, 254 Wis. 363, 372, 36 N.W.2d 419 (1949), *overruled on other grounds by State ex rel. Jackson v. Coffey*, 18 Wis. 2d 529, 537, 118 N.W.2d 939 (1963).

[8] *Klinkiewicz*, 35 Wis. 2d at 375–76.

[9] *Kowaleski*, 254 Wis. at 372; *Peter B. v. State*, 184 Wis. 2d 57, 68–69, 516 N.W.2d 746 (Ct. App. 1994).

[10] *State v. Cummings*, 199 Wis. 2d 721, 733, 546 N.W.2d 406 (1996) ("This court accepted certification . . . in order to clarify the roles and delineate the authority of both judges and prosecutors in a John Doe proceeding. These are questions of statutory interpretation which this court reviews de novo . . . .").

## III

¶ 18. In Wisconsin, a John Doe proceeding is initiated under Wis. Stat. § 968.26. That statute reads in relevant part as follows:

> **John Doe proceeding.** If a person complains to a judge that he or she has reason to believe that a crime has been committed within his or her jurisdiction, the judge shall examine the complainant under oath and any witnesses produced by him or her and may, and at the request of the district attorney shall, subpoena and examine other witnesses to ascertain whether a crime has been committed and by whom committed. The extent to which the judge may proceed in the examination is within the judge's discretion. The examination may be adjourned and may be secret. Any witness examined under this section may have counsel present at the examination but the counsel shall not be allowed to examine his or her client, cross-examine other witnesses or argue before the judge. If it appears probable from the testimony given that a crime has been committed and who committed it, the complaint may be reduced to writing and signed and verified; and thereupon a warrant shall issue for the arrest of the accused. Subject to s. 971.23, if the proceeding is secret, the record of the proceeding and the testimony taken shall not be open to inspection by anyone except the district attorney unless it is used by the prosecution at the preliminary hearing or the trial of the accused and then only to the extent that it is so used. . . .

■

¶ 19. A John Doe proceeding is an independent investigatory tool used to ascertain whether a crime has been committed, and if so, by whom.[11] John Doe pro

---

[11] *Unnamed Person No. 1*, 260 Wis. 2d 653, ¶ 22.

ceedings have a long history in Wisconsin. This court has previously discussed John Doe proceedings in detail;[12] we will not restate that discussion here.

██

¶ 20. An important aspect of a John Doe proceeding is secrecy.[13] A John Doe judge has the "power to determine whether the examination will be secret."[14] Secrecy may assist the fact-finding process. It keeps information from a target who might consider fleeing; prevents a suspect from collecting perjured testimony for the trial; prevents those interested in thwarting the inquiry from tampering with testimony or secreting evidence; and renders witnesses more free in their disclosures.[15]

██

¶ 21. The parties do not dispute the validity of the secrecy order or that the secrecy order was in effect at all times relevant to this case. A proper secrecy order (like the one in the instant case) covers questions asked, witnesses' answers, transcripts of the John Doe proceeding, and any exhibits that might be produced.[16] The scope of a proper secrecy order also encompasses "other

---

[12] *See, e.g., State v. Washington,* 83 Wis. 2d 808, 266 N.W.2d 597 (1978).

[13] *See* Wis. Stat. § 968.26 ("The examination . . . may be secret."); *Wis. Family Counseling Servs. v. State,* 95 Wis. 2d 670, 291 N.W.2d 631 (Ct. App. 1980).

[14] *Washington,* 83 Wis. 2d at 822; *Niedziejko,* 22 Wis. 2d 392 at 398.

[15] *Cummings,* 199 Wis. 2d at 736; Betty Brown, *The Wisconsin District Attorney and the Criminal Case* 5 (2d ed. 1975).

[16] *State v. O'Connor,* 77 Wis. 2d 261, 279, 252 N.W.2d 671 (1977).

matters observed or heard . . . at a [secret] John Doe Proceeding."[17]

¶ 22. The narrow question presented in the instant case is whether a John Doe judge has the authority to require a witness's counsel to take an oath of secrecy when a secrecy order covering the proceedings is already in effect. We need not and do not address the authority of a John Doe judge to require a witness's counsel to take an oath of secrecy when no secrecy order has been entered covering the John Doe proceedings.

¶ 23. A John Doe judge's authority stems both from the statutes and from powers inherent to a judge.[18]

¶ 24. Statutory powers afforded a court are not necessarily afforded a John Doe judge.[19] We therefore examine the statutory powers of a John Doe judge found in Wis. Stat. § 968.26 to determine whether the statute authorizes a John Doe judge to require a witness's attorney to take an oath of secrecy.

¶ 25. Wisconsin Stat. § 968.26 explicitly states that a John Doe examination may be secret, but provides no indication as to how that secrecy is to be achieved.[20] Section 968.26 contains no mention of secrecy-related oaths or secrecy orders.

---

[17] *Unnamed Person No. 1,* 260 Wis. 2d 653, ¶ 62.

[18] *Cummings,* 199 Wis. 2d at 738.

[19] *State ex rel. Jackson v. Coffey,* 18 Wis. 2d 529, 536, 118 N.W.2d 939 (1963).

[20] The Wisconsin Jury Instructions Special Materials address secrecy orders in John Doe proceedings:

C. Order of Secrecy

¶ 26. A John Doe judge's powers are not, however, limited to those enumerated in Wis. Stat. § 968.26.[21] We next examine whether a John Doe judge has inherent authority to require a witness's counsel to take an oath of secrecy when there is a secrecy order in effect. A John Doe judge's inherent authority stems from a John Doe judge's judicial office.[22] This court has held that the inherent authority of a John Doe judge "includes those powers necessary to fulfill the jurisdictional mandate."[23] Thus, a John Doe judge's inherent authority has been construed to include the authority to issue

---

[ADD THE FOLLOWING IF A SECRET JOHN DOE PROCEEDING HAS BEEN AUTHORIZED.]

"Under Wisconsin law, a circuit court judge may order that a John Doe proceeding be secret. That has been done in this case. You are ordered to maintain the secrecy of this John Doe proceeding and to inform no one, other than your attorney if you have one, of the questions asked of you, the answers given by you, or any other matters observed or heard during this proceeding. Violation of this secrecy order may be punished as a contempt of court.

"You are now being given a copy of the Order of Secrecy. Do you acknowledge receipt of this Order of Secrecy?"

Wis JI—Criminal SM-12 (1999). This instruction and a written copy of the order of secrecy were given to the Witness and the Witness's counsel in this case prior to Judge Davis's administration of the secrecy oath to the Witness and attempted administration of the secrecy oath to the Witness's counsel.

[21] *Unnamed Person No. 1,* 260 Wis. 2d 653, ¶ 54; *Cummings,* 199 Wis. 2d at 735–36.

[22] *Unnamed Person No. 1,* 260 Wis. 2d 653, ¶ 54 (citing *Wis. Family Counseling Servs. v. State,* 95 Wis. 2d 670, 675–76, 291 N.W.2d 631 (Ct. App. 1980)).

[23] *Unnamed Person No. 1,* 260 Wis. 2d 653, ¶ 55; *Cummings,* 199 Wis. 2d at 736.

subpoenas, adjourn proceedings, take possession of subpoenaed records, adjudicate probable cause, and issue and seal search warrants.[24] In short, a John Doe judge's inherent power encompasses all powers necessary for the John Doe judge to "carry out his or her responsibilities with respect to the proper conduct of John Doe proceedings."[25] While a John Doe judge's powers are broad, they are not unlimited.[26]

¶ 27. This court recently examined a John Doe judge's inherent authority to disqualify counsel for a conflict of interest.[27] *State ex rel. Unnamed Person No. 1 v. State* arose out of a John Doe proceeding convened to investigate possible illegal campaign activity.[28] A single law firm represented several witnesses subpoenaed to testify at the same John Doe proceeding.[29] The terms of the secrecy order prevented the witnesses' attorneys from securing conflict of interest waivers or consent forms from their clients because the attorneys could not disclose clients' names to the other clients.[30]

¶ 28. Citing the conflict of interest, the John Doe judge ordered the attorneys disqualified. This court held that the disqualification was within the John Doe judge's inherent authority to ensure procedural fairness, saying:

---

[24] *Unnamed Person No. 1,* 260 Wis. 2d 653, ¶ 54 (citing *Cummings,* 199 Wis. 2d at 735–36; *State v. Kielisch,* 123 Wis. 2d 125, 131, 365 N.W.2d 904 (Ct. App. 1985)).

[25] *Unnamed Person No. 1,* 260 Wis. 2d 653, ¶ 55.

[26] *Custodian of Records v. State,* 2004 WI 65, ¶ 10, 272 Wis. 2d 208, 680 N.W.2d 792.

[27] *Unnamed Person No. 1,* 260 Wis. 2d 653, ¶¶ 54–55.

[28] *Id.,* ¶ 3.

[29] *Id.,* ¶¶ 6–10.

[30] *Id.*

It is the John Doe judge's responsibility to ensure procedural fairness, and matters such as attorney conflicts of interest may indeed interfere with procedural fairness . . . [under SCR 20:1.7] "[w]here the conflict is such as clearly to call in question the fair or efficient administration of justice . . . ." Accordingly, we conclude that a John Doe judge must have the authority to disqualify counsel, and may permit argument by counsel when necessary to ensure procedural fairness.[31]

¶ 29. The same concerns regarding ordered proceedings and procedural fairness are not implicated under the facts of the present case. Both counsel for the Witness agreed that they were bound by, and would abide by, the court's secrecy order. The Witness asserts that requiring the oath of secrecy from the attorneys does not perform any function above and beyond the secrecy order already in effect.

¶ 30. The John Doe judge viewed the secrecy oath as "a proper and wise procedure to impress upon individuals their obligations . . . ." The John Doe judge viewed the oath as a more formal means of reinforcing secrecy. The John Doe judge thus recognized that the secrecy oath does not add to the secrecy of the proceedings or change the remedies available for violation of the secrecy order. We agree with the John Doe judge about the effect of an oath of secrecy under the circumstances of the instant case.

¶ 31. The secrecy oath in the instant case is not substantively or procedurally different from the secrecy order. Imposing a secrecy oath on the Witness's counsel has no practical effect on the secrecy of the proceedings or the obligations of counsel in the instant case when a secrecy order was in effect. We therefore must conclude

---

[31] *Id.,* ¶ 55 (citation omitted).

that the secrecy oath requested of the attorneys was surplusage and requiring it was not, under the facts of this case, a power necessary to fulfill the John Doe judge's jurisdictional mandate or to carry out his responsibilities with respect to the proper conduct of the John Doe proceeding.

¶ 32. Because there is no need for a secrecy oath when a secrecy order is already in effect, a John Doe judge does not have statutory or inherent power to require a witness's counsel to take an oath of secrecy. Although a John Doe judge has the power to conduct John Doe proceedings in secret and has the authority to issue an order to that effect, a John Doe judge need not have the corollary power to require a secrecy oath from a witness's counsel when a secrecy order is already in effect.

¶ 33. Accordingly, we conclude that the John Doe judge erred as a matter of law in the present case by requiring the oath of secrecy from the Witness's counsel when a secrecy order was in effect. A John Doe judge does not have either the statutory or inherent authority to require a witness's counsel to take an oath of secrecy when the John Doe proceedings are already subject to a secrecy order. We hold that the John Doe judge's decision in the instant case to disqualify the Witness's counsel for declining to take a redundant secrecy oath was unwarranted.

¶ 34. For the reasons set forth, we grant the writ of prohibition and remand the cause for further proceedings.

*By the Court.*—The writ of prohibition is granted and the cause is remanded.