Argued July 11, affirmed September 7, 1967

FRENCH, *Appellant, v.* SAFEWAY STORES,
INCORPORATED ET AL, *Respondents.*

430 P. 2d 1021

*Ralph W. G. Wyckoff,* Salem, argued the cause and filed briefs for appellant.

*John R. Faust, Jr.,* Portland, argued the cause for respondent. With him on the brief were Cake, Jaureguy, Hardy, Buttler & McEwen, Portland.

Before Perry, Chief Justice, and McAllister, Sloan, O'Connell, Goodwin, Denecke and Holman, Justices.

O'CONNELL, J.

This is an appeal by plaintiff from a judgment for defendant based upon an order sustaining defendant's demurrer to plaintiff's complaint in which plaintiff alleged the invasion of her right of privacy.

The complaint, in substance, alleges as follows: Shortly before Christmas plaintiff went to one of defendant's grocery stores in Salem and ordered the ingredients of a complete Christmas dinner which she directed to be delivered to plaintiff's son and daughter-in-law, who lived in Coos Bay. Defendant, Alvin J. Sheller, the manager of the Salem store, sent a grocery list to the Coos Bay store, together with a letter which contained the following statement:

"I am including a list of items she [plaintiff] would like for them. She would like you to fill the order because she doesn't trust them with the money shopping for themselfs (sic)."

The Coos Bay store delivered not only the groceries to plaintiff's son and daughter-in-law, but the note as well.

Plaintiff alleges that she did not make the comment attributed to her and that the statement contained in the note was false. It is alleged that "as a result of the delivery of said letter to the plaintiff's son and daughter-in-law, the said son and daughter-in-law have been alienated from the plaintiff and have restricted her in her opportunity to see, visit and have visits from her grandchildren," and that "plaintiff has suffered and will suffer greatly in mind and spirit in conse-

quence thereof, all to the plaintiff's damage in the sum of $5,000."

Plaintiff contends that her complaint states a cause of action for an invasion of the right of privacy.

The scope of the right of privacy in tort law is a matter of considerable dispute. It is universally conceded that the term "privacy" is difficult to define.[1] There are some who contend that "the tort has no legal profile."[2] There is considerable disagreement among the scholars in identifying the interests which the right of privacy should protect and the character of defendant's conduct necessary to constitute an invasion of the plaintiff's interest. Prosser sees the right of privacy as four separate torts:

> "(1) Intrusions upon the plaintiff's seclusion or solitude, or into his private affairs.
> "(2) Public disclosure of embarrassing private facts about the plaintiff.
> "(3) Publicity which places the plaintiff in a false light in the public eye.
> "(4) Appropriation, for the defendant's advantage, of the plaintiff's name or likeness."

Note, Right to Privacy: Social Interest and Legal Right, 51 Minn L Rev 531 at 539-540 (1967).

and that each of these separate torts is based upon different elements, viz.:

> "* * * [T]he first and second require the invasion of something secret, secluded or private pertaining to the plaintiff; the third and fourth do not. The second and third depend upon publicity, while the first does not, nor does the fourth,

---

[1] See for example Davis, What Do We Mean by "Right of Privacy"?, 4 S D L Rev 1 (1959).

[2] Kalven, Privacy in Tort Law—Were Warren and Brandeis Wrong?, 31 Law & Contemp Prob 326, 333 (1966). See also, Davis, What Do We Mean by Right of Privacy, 4 S D L Rev 1 (1959). Brunson v. Ranks Army Store, 161 Neb 519, 73 NW2d 803 (1955); Yoeckel v. Samonig, 272 Wis 430, 75 NW2d 925 (1955).

although it usually involves it. The third requires falsity, or fiction; the other three do not. The fourth involves a use for the defendant's advantage, which is not true of the rest." Prosser, Law of Torts § 112, p. 843 (3d ed 1964).

This fragmentation of the right of privacy into separate torts is condemned by Professor Bloustein. He contends that "the tort cases involving privacy are of one piece and involve a single tort,"[9] and that the "common thread of principle" which underlies the right of privacy is "that of an inviolate personality," adopting the language of Warren and Brandeis' famous article, "The Right of Privacy," 4 Harv L Rev 193 (1890). He explains:

"An intrusion on our privacy threatens our liberty as individuals to do as we will, just as an assault, a battery or imprisonment of our person does. And just as we may regard these latter torts as offenses 'to the reasonable sense of personal dignity,' [footnote omitted] as offensive to our concept of individualism and the liberty it entails, so too should we regard privacy as a dignitary tort. Unlike many other torts, the harm caused is not one which may be repaired and the loss suffered is not one which may be made good by an award of damages. The injury is to our individuality, to our dignity as individuals, and the legal remedy represents a social vindication of the human spirit thus threatened rather than a recompense for the loss suffered." Bloustein, Privacy as an Aspect of Human Dignity: An Answer to Dean Prosser, 39 N Y U L Rev 962 at 1002-1003 (1964).

Other scholars have taken the view that it is not necessary to create a separate tort based upon a right of privacy because the interests which are in need of

---

[9] Bloustein, Privacy as an Aspect of Human Dignity: An Answer to Dean Prosser, 39 N Y U L Rev 962, 1000-1001 (1964).

protection can be accommodated under established categories of tort law, e.g., in actions for mental distress, defamation, misappropriation of property, and other categories.[4]

No matter which of these various views is accepted, it is our opinion that plaintiff has not made out a case for relief. The case does not fit under any of the categories identified by Prosser. Apparently plaintiff contends that the case falls within Prosser's second category, or within Restatement of Torts § 867,[5] because "enclosing the note unreasonably and seriously interfered with the plaintiff's interest in not having her affairs known to others" and because "it is also an unwarranted publication of an intimate detail of plaintiff's private life and is clearly offensive to the ordinary sensibilities of ordinary people."

But this description of the tort does not fit plaintiff's case. This is not a case of the "disclosure" of embarrassing or intimate facts of plaintiff's private life. There were no such facts in this case. Moreover, there was no "public" disclosure, if we are to accept Prosser's categories. The real basis for plaintiff's claim is found in the allegation of her complaint where she states that "as a result of the delivery of the said letter to the plaintiff's son and daughter-in-law, the said son and daughter-in-law *have been alienated* from the plaintiff." (Emphasis ours.) It is apparent that plaintiff is seeking to recover for alienation of affections—not the disclosure of private facts. The com-

[4] Davis, supra note 1. Cf., Kalven, supra note 2.

[5] Section 867, Restatement of Torts, p. 398 (1939) reads as follows:
"A person who unreasonably and seriously interferes with another's interest in not having his affairs known to others or his likeness exhibited to the public is liable to the other."

plaint does not state a cause of action for alienation of affections.

Even if it be conceded that the tort of privacy should be broadly conceived and given a wide scope, it should not be permitted to encroach upon other well established and sound tort categories.

The judgment of the trial court is affirmed.